777 So.2d 433 (2000)
Donald GREEN, Appellant,
v.
STATE of Florida, Appellee.
No. 2D00-3070.
District Court of Appeal of Florida, Second District.
December 27, 2000.
PER CURIAM.
Donald Green appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. In 1997, Green pleaded guilty to one count of possession of cocaine and one count of sale of cocaine. He received a guidelines sentence of twenty-two months' prison on the former and a concurrent habitual offender sentence of fifteen years' prison followed by fifteen years' probation on the latter. At the same time, he also admitted to violating his probation on a 1989 sale of cocaine charge and was sentenced to a concurrent fifteen-year prison sentence with credit for the time he had previously spent in prison on that charge.
*434 Green has alleged that his plea was involuntary and his counsel ineffective in several regards. We agree with the trial court's conclusion that two of Green's claims are refuted by the record and affirm the order as to those claims without comment. We reverse as to Green's third claim, which we conclude is facially sufficient and is not refuted by the record.
Green alleged that counsel erroneously advised him that because his sentences were imposed concurrently, he would receive credit for time spent in prison on the 1989 charge against the sentences imposed on the new charges. This is, of course, incorrect as Green learned when he arrived at the Department of Corrections. Green further alleged that he would not have pleaded guilty if he had know this advice was incorrect. This claim is facially sufficient. See, e.g., Montgomery v. State, 615 So.2d 226 (Fla. 5th DCA 1993) (holding that misadvice of counsel as to the length of a sentence is a basis for postconviction relief if not refuted by the record); Davis v. State, 697 So.2d 957 (Fla. 2d DCA 1997) (holding that in order to establish prejudice based on misadvice regarding sentence length, defendant must allege generally that he would not have pleaded but for the bad advice). Because it is not refuted by record attachments,[1] we reverse and remand. On remand the trial court may again summarily deny this claim only if it is refuted by record evidence. Otherwise, an evidentiary hearing must be held.
Affirmed in part, reversed in part, and remanded.
BLUE, A.C.J., and GREEN and STRINGER, JJ., concur.
NOTES
[1] We note that Green's claim is not refuted by anything contained in the transcipt of the plea colloquy provided to this court.