826 So.2d 354 (2002)
Lynn O. FELDPAUSCH, Appellant,
v.
STATE of Florida, Appellee.
No. 2D01-3606.
District Court of Appeal of Florida, Second District.
May 8, 2002.
*355 J. Christopher Carver, St. Petersburg, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Susan M. Shanahan, Assistant Attorney General, Tampa, for Appellee.
PARKER, J.
Lynn Feldpausch appeals the trial court's order denying his motion for postconviction relief after an evidentiary hearing. Because the trial court's factual findings are not supported by the evidence in the record, we reverse and remand for further proceedings.
In his motion filed pursuant to Florida Rule of Criminal Procedure 3.850, Feldpausch asserted that his counsel was ineffective for failing to convey a plea offer to him. At an evidentiary hearing on the motion, Feldpausch's trial counsel, Chris Cosden, testified that he had no specific recollection of conveying any plea offer to Feldpausch. He testified that his normal practice was to convey all plea offers made by the State, but that if a specific client indicated that he or she did not want to enter a plea or would accept a plea offer only with certain conditions and the State's offer did not meet those conditions, he would not necessarily convey the offer. Cosden's recollection of this case was that Feldpausch had steadfastly maintained his innocence and had indicated that he was not interested in any plea offer involving significant prison time. While Cosden did not specifically recall the offer made by the State, the undisputed evidence showed that the State offered two years' prison followed by ten years' sex offender probation. Cosden testified that he could not say one way or another whether he had conveyed the plea offer to Feldpausch, but that he believed it unlikely given Feldpausch's position on prison time.
Feldpausch testified that Cosden had never conveyed the State's plea offer to him. Feldpausch also testified unequivocally that he would have accepted the State's offer had it been conveyed to him because his health issues would have rendered a longer sentence, in essence, a life sentence.
At the close of the evidentiary hearing, the trial court stated on the record that it could not believe that an attorney with Cosden's experience would have failed to convey a plea offer that included prison time of nine years less than the recommended guidelines sentence. However, the court then stated: "I don't think that I can say that a plea offer was tendered and rejected, even though I think there's a 99.99 percent chance that that actually was tendered to the Defendant. But I'm not going to consider that, because there's no testimony really to refute it." In its subsequent written order, the court stated:
The Court finds it difficult to believe that such an offer would not be tendered to a defendant by any trial attorney, much less a trial attorney with the experience of trial counsel, however the Court falls short of rejecting the testimony of trial counsel directly since such *356 a rejection would be, in essence, finding that trial counsel intentionally perjured himself and misled this court in an attempt to aid his former client during this hearing....
. . . .
This is an unusual case in that the trial attorney in essence admits to inadequate representation by not advising the client of the tendered plea offer.
Despite these initial findings, however, after reviewing the case file in more detail, the trial court rejected Cosden's testimony at the hearing as incorrect, relying on a letter from Feldpausch to the trial court dated December 20, 2000. In this letter, after professing his innocence and requesting the appointment of an attorney, Feldpausch stated:
The sad thing is, if I would have taken a plea of 2 years that was offered to me, I would be home with my family in a few months. However, I refused to be accused of a crime that I did not do, so I went to court ..... And lost. But I'm not through fighting for justice to prevail. God will show that I'm innocent. I just need another chance in court. Thank you again for helping me in this matter.
In using this letter to reject Cosden's testimony at the hearing, the trial court stated:
This letter confirms what the Court believes was the scenario in this situation. The Court found it incredulous [sic] that an experienced attorney would not have tendered a plea offer of any kind, much less an offer which was 9 years under the guidelines, to a client. This letter confirms that Attorney Cosden relayed that offer to the defendant before trial, and the defendant rejected the offer and proceeded to trial, and lost.
The Court will assume that Attorney Cosden forgot that he had tendered the offer and that there was no attempt, by him to deceive the Court.
Thus, the trial court rejected Cosden's testimony at the evidentiary hearing based solely on its interpretation of Feldpausch's December 20, 2000, letter. By doing so, the trial court found that Feldpausch had failed to prove each element of his case and denied relief. Feldpausch then filed this appeal.
In order to prevail on a motion for ineffective assistance of counsel for failure to convey a plea offer, the defendant must prove that his counsel failed to convey a plea offer, that he would have accepted the plea offer had it been conveyed, and that the plea would have resulted in a lesser sentence. Cottle v. State, 733 So.2d 963, 966 (Fla.1999). In this case, there was no dispute that the plea offer would have resulted in a lesser sentence. Thus, the trial court had to determine whether Cosden had conveyed the plea offer to Feldpausch and whether Feldpausch would have accepted it.
As to whether Cosden conveyed the plea offer, the trial court's finding that Cosden "forgot" that he had conveyed the State's plea offer is not supported by the evidence in the record. This is not a matter of credibility. There was no conflicting testimony that required the trial court to assess the relative credibility of different witnesses. Rather, in this case, Cosden testified to facts that the trial court did not wish to believe. However, under these circumstances in the absence of any evidence to the contrary, the trial court cannot simply reject such testimony given by the attorney.
Contrary to the trial court's assertions, Feldpausch's December 20, 2000, letter does not provide a basis for rejecting Cosden's testimony. The trial court's interpretation of Feldpausch's letter is not *357 binding on this court. See K.P. Meiring Constr., Inc. v. Northbay I & E, Inc., 761 So.2d 1221, 1223 (Fla. 2d DCA 2000) (noting that when the determination of issues depends on the construction of a written document, the appellate court is not restricted in its ability to reassess the meaning and effect of that document); Angell v. Don Jones Ins. Agency, Inc., 620 So.2d 1012, 1014 (Fla. 2d DCA 1993) (same). Thus, we need not defer to the trial court's interpretation of Feldpausch's letter because the trial court was in no better position to determine its meaning than we are.
As Feldpausch points out, his letter was written after he learned of the State's plea offer through his appellate counsel. Therefore, his statements referencing the plea offer do not establish that Cosden informed him of the offer pretrial. Moreover, the letter does not state that Feldpausch rejected or refused the plea offer. Rather, the letter states that Feldpausch "refused to be accused of a crime [he] did not do." While this statement could be interpreted as an indication that Feldpausch would not have accepted a plea offer because he was innocent, it could also be interpreted as simply a statement that Feldpausch maintained his innocence and lost at trial. Therefore, this letter provides no basis for rejecting Cosden's testimony that he most likely did not convey the State's plea offer to Feldpausch. The trial court's factual finding to the contrary is not supported by the evidence. Therefore, Feldpausch established this element of his case.
As to whether Feldpausch would have accepted the offer had it been conveyed, the only evidence is Feldpausch's uncontradicted sworn testimony that he would have accepted the State's offer had it been conveyed to him. Feldpausch admitted that he had told Cosden that he was not interested in a plea offer that involved "substantial prison time" because, given his health, a long prison term would essentially be a life sentence. Cosden also testified that his recollection was that Feldpausch was not interested in a plea involving "a significant term of prison." Thus, the question was whether Feldpausch considered a two-year prison term "substantial." At the hearing, Feldpausch testified that he did not consider a two-year prison term "substantial" and that he would have accepted the offer to avoid dying in prison. There was no evidence to the contrary. Therefore, Feldpausch established this element of his case.
Having established that Feldpausch is entitled to relief, the remaining question is what remedy exists. This court has no authority to require the State to reoffer its original plea offer. This court has suggested that if a defendant prevails on a motion for postconviction relief based on the failure of his counsel to convey a plea offer, the parties should engage in a "good faith resumption of plea negotiations." Eristma v. State, 766 So.2d 1095, 1097 (Fla. 2d DCA 2000). See also Lewis v. State, 751 So.2d 715, 718 (Fla. 5th DCA 2000). Should such negotiations fail, the only relief available to Feldpausch would be a new trial.
Reversed and remanded.
STRINGER, J., concurs.
ALTENBERND, J., concurs in part and dissents in part, with opinion.
ALTENBERND, Judge, Concurring in part and dissenting in part.
I concur in the reversal of this order. On remand, however, I believe the trial judge should be authorized to decide whether Mr. Feldpausch would have accepted the offer of a two-year prison term. Despite his testimony that he would have *358 accepted the shorter prison sentence if he had been aware of the offer, there exists an issue of credibility for the trial court to decide. Mr. Feldpausch was charged with a lewd act upon a child under the age of sixteen. He has always adamantly denied that he committed this act. By the time of trial, Mr. Feldpausch was suffering from a terminal illness and knew that he was suffering from this illness. I believe a trier of fact could decide that Mr. Feldpausch would never have agreed to plead guilty to these sexual offenses in exchange for a sentence that still raised the substantial likelihood that he would die of his illness while in prison.