857 So.2d 304 (2003)
Donald GREEN, Appellant,
v.
STATE of Florida, Appellee.
No. 2D01-3063.
District Court of Appeal of Florida, Second District.
October 10, 2003.
*305 Donald Green, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Timothy A. Freeland, Assistant Attorney General, Tampa, for Appellee.
PER CURIAM.
Donald Green appeals the trial court's order denying his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm without prejudice to Green's right to file, within sixty days of this court's mandate, a motion to withdraw his plea pursuant to rule 3.850.
In Green v. State, 777 So.2d 433 (Fla. 2d DCA 2000), this court reversed the trial court's summary denial of Green's rule 3.850 motion because his claim of ineffective assistance of counsel was facially sufficient and was not refuted by the record. Specifically, Green alleged that he would not have pleaded guilty to charges of sale and possession of cocaine or admitted violating his probation on a previous cocaine charge but for his counsel's incorrect advice that he would receive credit for time spent in prison on the previous charge against the sentences imposed on the new charges. Id. at 434-35.
On remand for an evidentiary hearing, Green had the burden of proving his claim of ineffective assistance of counsel. See Schofield v. State, 681 So.2d 736, 738 (Fla. 2d DCA 1996). Green testified in support of his allegation that his counsel's incorrect advice about the length of his sentence induced him to enter his guilty plea. The State failed to present any evidence to refute Green's allegation. Green's competent, substantial, and unrefuted evidence compels the conclusion that Green carried his burden to prove ineffective assistance of counsel under Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The trial court's conclusion to the contrary was incorrect. See Stephens v. State, 748 So.2d 1028, 1031-32 (Fla.1999) (explaining the mixed standard of review applicable to a trial court's findings of fact and legal conclusions in evaluating a claim under Strickland).
Green did not, however, seek to withdraw his plea. When asked repeatedly *306 if he sought to withdraw his plea and proceed to trial, Green insisted on his entitlement to the jail time credit that his prior counsel had incorrectly advised he would receive. However, the only relief available to Green under these circumstances was to be allowed to withdraw his plea. See Trenary v. State, 453 So.2d 1132, 1133-34 (Fla. 2d DCA 1984). Because Green did not seek appropriate relief, the trial court correctly denied his motion. See Rambo v. State, 816 So.2d 191, 192 (Fla. 2d DCA 2002). Accordingly, we affirm the trial court's order without prejudice to Green's right to file in the trial court, within sixty days of the date of this court's mandate, a motion seeking to withdraw his plea pursuant to rule 3.850. If filed within sixty days, the motion should be considered timely, not deemed successive, and granted in accordance with this opinion.
We caution Green that if he decides to withdraw his plea and not be bound by the plea agreement, the State, too, will not be bound by the plea agreement. See Latiif v. State, 787 So.2d 834, 837 (Fla.2001) (citing Sidell v. State, 787 So.2d 139, 140 (Fla. 2d DCA 2001)). If Green withdraws his plea, either side may pursue new plea negotiations or refuse them and proceed to trial. If Green is convicted after a trial, he may be sentenced to a longer term of imprisonment than the sentence he presently serves. Any expectations about his sentence that Green may have derived from his prior counsel's incorrect advice will be irrelevant if Green withdraws his plea.
Affirmed.
SALCINES, VILLANTI and WALLACE, JJ., concur.