974 So.2d 405 (2007)
Eric O. WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No, 2D05-4448.
District Court of Appeal of Florida, Second District.
February 16, 2007.
Rehearing Denied March 27, 2007.
*406 Robin H. Stevenson, Bartow, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Chandra Waite Dasrat, Assistant Attorney General, Tampa, for Appellee.
STRINGER, Judge.
Eric O. Williams seeks review of the order denying his motion for postonvicton relief, which was filed pursuant to Florida Rule of Criminal Procedure 3,850, after a hearing. Williams raised two grounds for relief in has motion. We affirm the denial of ground two without comment. We reverse the denial of ground one because the State failed to produce evidence to refute Williams' claim that trial counsel was ineffective for misadvising him regarding the maximum sentence he faced.
Williams entered a plea to reduced charges of two counts of robbery with a deadly weapon, and the trial court sentenced him to concurrent fifteen-year terms of imprisonment. In ground one of his rule 3.850 motion, Williams argued that trial counsel was ineffective for misadvising him that he was subject to a mandatory life sentence for the original charges of burglary of a dwelling with a firearm and robbery with a firearm. It is undisputed that these charges did not require a mandatory life sentence.
At the hearing on his motion, Williams testified that he was represented by several attorneys prior to entering his plea. He testified that he met with attorney Aiken a couple of times and that Aiken went over his scoresheet and advised him of the minimum and maximum guidelines sentences. Attorney Aiken did not tell Williams that he would receive a mandatory life sentence if he was convicted. However, when attorney Bradstock took over his case, Bradstock advised Williams that he would receive a mandatory life sentence if he was convicted. Williams entered a plea the same day Bradstock gave him this information. Williams claimed that he would not have entered a plea but for the misadvice.
Consistent with Williams' testimony, attorney Aiken testified that he discussed Williams' scoresheet with him and did not tell Williams he was subject to a mandatory life sentence. Aiken did not remember the maximum penalty for Williams' charges and said he would have to look at the file. However, he never consulted the file in the case. Attorney Bradstock testified that he had a very limited recollection of his discussions with Williams regarding plea negotiations and whether Williams should go to trial. In response to postconviction counsel's questions regarding whether Bradstock advised Williams that *407 he would be subject to a mandatory life sentence, Bradstock replied that he could not recall. Bradstock did not believe that Williams was facing a mandatory life sentence, but he was not sure. Bradstock testified that he discussed the plea agreement with Williams very briefly, for no more than ten or fifteen minutes.
The postconviction court found that Williams' testimony was not credible and denied relief on this basis. The court concluded that it was unlikely that attorney Bradstock would have misinformed Williams about his potential exposure and that attorney Aiken did discuss Williams' potential sentence with him. Williams argues that the court erred in denying his claim because the State failed to conclusively refute his testimony that he was misinformed about his potential exposure. We agree.
A defendant has the burden of proving his claim of ineffective assistance of counsel at an evidentiary hearing on a rule 3.850 motion. Green v. State, 857 So.2d 304, 305 (Fla. 2d DCA 2003). However, when a defendant presents competent substantial evidence in support of his ineffective assistance claim, the burden shifts to the State to present contradictory evidence. Id. In this case, Williams testified that attorney Bradstock misadvised him that he would receive a mandatory life sentence if he was convicted and that he would not have entered a plea but for the misadvice. Counsel's misrepresentations regarding the length of a sentence constitute a sufficient basis for postconviction relief in the form of allowing a defendant to withdraw a guilty plea. State v. Leroux, 689 So.2d 235, 236 (Fla.1996). Williams' testimony, if credible, was sufficient to establish that attorney Bradstock rendered ineffective assistance of counsel on this basis.
While the trial court found that Williams' testimony was not credible, the trial court's findings on this issue are not supported by the evidence. The court did not attribute Williams' lack of credibility to Williams' demeanor or any inconsistent actions or statements of Williams. If it had, it would certainly be beyond this court's province to second-guess that determination. However, the court stated, "The Court does not find it credible that Mr. Bradstock would have told the Defendant that he could get a mandatory life sentence, if he went to trial and lost; and it appears to the Court that the Defendant would have discussed with Mr. Aiken what he faced." The first finding has no support in the record, and the second finding does not refute Williams' claim.
Attorney Bradstock did not remember his discussions with Williams and could not say whether the charges were subject to a mandatory life sentence. The court's determination that Williams' testimony was not credible must have been based on the court's knowledge of attorney Bradstock's reputation. While there is no evidence that attorney Bradstock was anything but a competent attorney, his reputation alone could not ensure that he did not misadvise Williams. This is not a case in which Williams' allegation about counsel's misrepresentation was so outrageous that the allegation in itself was unbelievable.
Furthermore, the court's conclusion that attorney Aiken would have discussed Williams' potential sentence with him does not refute Williams' claim. Williams himself admitted that attorney Aiken went over his scoresheet and informed him of the minimum and maximum sentences. However, Williams' claim was not that attorney Aiken misadvised him, but that attorney Bradstock misadvised him after he took over for attorney Aiken. We note that the State did not produce the plea *408 colloquy to establish that the trial court informed Williams of the maximum sentence when he entered his plea.
Because the trial court did not articulate any reason for finding Williams' testimony not credible that was supported by the evidence, Williams' testimony was sufficient to establish that attorney Bradstock rendered ineffective assistance of counsel. The burden then shifted to the State to present evidence to contradict Williams' claim, but neither attorney Bradstock nor attorney Aiken refuted Williams' testimony. Accordingly, the postconviction court erred in denying relief on this ground.
Reversed.
DAVIS, J., Concurs.
FULMER, C.J., Concurs in result only,