990 So.2d 1242 (2008)
Justine POLITE, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D06-1944.
District Court of Appeal of Florida, Third District.
September 24, 2008.
*1243 Bennett H. Brummer, Public Defender, and Howard K. Blumberg, Assistant Public Defender, for appellant.
Bill McCollum, Attorney General, and Magaly Rodriguez, Assistant Attorney General, for appellee.
Before COPE, GREEN, and RAMIREZ, JJ.

ON MOTION FOR REHEARING
RAMIREZ, J.
Upon consideration of appellee State of Florida's motion for rehearing, this Court withdraws its previous opinion filed May 28, 2008, and substitutes the following opinion in its place.
Justine Polite seeks reversal of his plea and sentence. We reverse on the basis that he was affirmatively misadvised by his attorney and therefore was denied effective assistance of counsel.
Polite entered a plea of no contest to charges of armed robbery, attempted carjacking, and violation of probation. The plea consisted of two years in state prison followed by two years of community control with the possibility of conversion to probation.
During the plea colloquy, the trial court advised Polite of the potential punishments if found guilty of the pending charges. The court did not advise Polite of the maximum sentence if he violated the community control/probation imposed pursuant to the plea he was entering. Polite informed the trial court that he had thorough discussions with defense counsel, was satisfied with counsel's representation, and was not promised anything different in order to induce him to take the plea.
The trial court accepted the plea of no contest to the probation violation and the underlying charges. Polite was sentenced according to the plea as a youthful offender.
Subsequently, Polite filed a motion for post conviction relief claiming that his plea had not been entered knowingly and voluntarily. Polite claims denial of effective assistance of counsel because his attorney misadvised him as to the maximum sentence he could receive upon revocation of the community control/probation.
The trial court held an evidentiary hearing to examine the claim. The sole witness for the State was Polite's trial counsel. Although the transcript of the evidentiary hearing was lost, Polite prepared a reconstructed record. The State did not object to the reconstructed record, and it was approved and settled by the trial court pursuant to Florida Rule of Appellate Procedure 9.200(b)(4).
Trial counsel testified that he did not specifically remember advising Polite of the statutory maximum sentences for the charges he faced, but that it was his standard practice to advise all his clients of such details. Polite testified that trial counsel advised him that the maximum sentence he could receive was six years if he subsequently committed a technical or substantive violation of probation. Additionally, Polite stated he would have rejected the plea and gone to trial had he known the possible repercussions of a violation. *1244 The trial court denied the motion for post conviction relief.
The State contends that it presented competent substantial evidence to rebut Polite's claim of ineffective assistance of counsel. Additionally, the State contends that if Polite's statements are accepted as true, he is not entitled to relief as the possible sentence for a violation is a collateral matter. Polite asserts that he is entitled to relief because there is no competent substantial evidence to support the trial court's ruling. We agree with Polite and reverse.
First, the issue here is not a collateral consequence of the plea. The maximum penalty that could be imposed if community control/probation is violated is a direct consequence of the plea. Cruz v. State, 742 So.2d 489 (Fla. 3d DCA 1999).
As to the substantive claim, Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), created a two-prong test for determining whether defense counsel provided constitutionally deficient assistance to a defendant.[1] The United States Supreme Court in Hill v. Lockhart, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985), applied the Strickland test to claims of ineffective assistance of counsel in pleading guilty to a crime. In Hill, the Supreme Court stated that in plea cases, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. 474 U.S. at 59, 106 S.Ct. 366.
Polite testified that he was misadvised (incorrectly) that his maximum exposure in the event of a violation (including a substantive violation) was six years, whereas in reality, it was the legal maximum for the offense. Trial counsel did not provide any testimony to the contrary on this issue. Polite satisfies the Strickland and Hill standards. See Medina v. State, 920 So.2d 136, 137 (Fla. 3d DCA 2006).
When a defendant provides sufficient evidence in support of his claim of ineffective assistance of counsel, the burden shifts to the State to present competent substantial evidence which contradicts the defendant's evidence. Williams v. State, 974 So.2d 405 (Fla. 2d DCA 2007); Green v. State, 857 So.2d 304 (Fla. 2d DCA 2003). Here, the State failed to present competent and substantial evidence that trial counsel gave correct advice or that Polite did not rely on defense counsel's misadvise when entering into the negotiated plea.
The Florida Supreme Court's decision in State v. Leroux, 689 So.2d 235 (Fla.1996), offers further guidance. Leroux establishes that "[m]isrepresentations by counsel as to the length of a sentence ... can be the basis for post conviction relief in the form of leave to withdraw a guilty plea." Id. at 236. Here, according to the reconstructed record, defense counsel affirmatively misadvised Polite as to the maximum sentence he would face upon a violation of probation, entitling Polite to withdraw his plea.
Polite's testimony, coupled with the transcript of the plea colloquy, provides sufficient evidence to support his claims. The State was unable to provide competent substantial evidence that rebutted Polite's allegations. Polite is therefore entitled to post conviction relief in the form of withdrawing his plea.
*1245 Accordingly, we reverse Polite's plea and remand for a trial on the merits.
NOTES
[1] First, the defendant must demonstrate that counsel's representation fell below an objective standard of reasonableness under prevailing professional norms. Next, the defendant must show that but for counsel's unprofessional errors, there is a reasonable probability that the results of the proceeding would have been different. Id. at 687, 104 S.Ct. 2052.