SLEET, Judge.
Howell Ray McClellan appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. McClellan was convicted after a jury trial of dealing in stolen property and was sentenced as a habitual felony offender (HFO) to fifteen years in prison. We affirm the denial of grounds one through three, five, and six without comment. However, we reverse the denial of ground four and remand for reconsideration.
In ground four, McClellan claimed that counsel was ineffective for failing to call his employer to testify regarding the metal beams that McClellan was accused of stealing. He asserted that his employer was available and would have testified that McClellan did not obtain the metal that he sold to a scrap yard from the victim’s property but retrieved it from a demolition job at a trailer park during the course of his employment. This testimony would have supported McClellan’s theory that the aluminum came from another site and would have corroborated his testimony to that effect. McClellan claimed that but for counsel’s deficiency, there was a reasonable probability that the outcome of the trial would have been different.
The postconviction court found McClellan was unable to demonstrate prejudice even though the proposed testimony of the employer would have corroborated McClellan’s testimony. The court reasoned that because the evidence at trial indicated that McClellan could have taken the metal from the victim and sold it at the recycling center, no reasonable probability existed that the result of the trial would have been different had the witness testified.
McClellan’s claim of ineffective assistance is facially sufficient, see Meus v. *755 State, 968 So.2d 706, 711 (Fla. 2d DCA 2007), and not conclusively refuted by the record. To convict McClellan of dealing in stolen property, the State had to prove beyond a reasonable doubt that he trafficked in property that he knew or should have known was stolen. See § 812.019(1), Fla. Stat. (2007). Specifically, the State had to prove that the items were stolen. Id. Because McClellan was the only witness for the defense, his credibility was crucial. The employer’s testimony had the potential to corroborate McClellan’s testimony, strengthen his credibility, and kindle reasonable doubt in the minds of the jurors. See, e.g., Balmori v. State, 985 So.2d 646, 650 (Fla. 2d DCA 2008).
Accordingly, we reverse ground four and remand for the postconviction court to either attach portions of the record that conclusively refute this ground or conduct an evidentiary hearing.
Affirmed in part, reversed in part, and remanded with instructions.
VILLANTI and CRENSHAW, JJ„ Concur.