MORRIS, Judge.
Clodis Kiwan Thomas appeals the order denying his motion filed pursuant to Florida Rule of Criminal Procedure 3.850. Without further comment, we affirm the denial of claims five, six, seven, eight, and nine, and we reject Thomas’s claim that the postconviction court committed fundamental error by taking judicial notice of the trial transcripts. However, because of the procedural irregularities in this case, including the postconviction court’s failure to consider Thomas’s unrefuted testimony before denying claims one through three after an evidentiary hearing, we must reverse those claims and remand for a second evidentiary hearing. We also reverse in part the summary denial of claim four.

Ineffective assistance based on failure to call witnesses

In claims one through three, Thomas alleged that his counsel was ineffective for failing to call three witnesses at trial who Thomas claimed would have provided testimony relevant to his theory of self-defense: [1]
• Bernice Rambert would have testified that the victim threatened Thomas, *1193 charged after him, and attempted to punch him.
• Richey McDonald would have testified that he videotaped Thomas’s approaching the residence where the victim was visiting, thereby refuting the victim’s testimony that the video camera may not have been on. Mr. McDonald also would have testified that the victim became upset upon seeing Thomas approach.
• Dr. Arun D. Jagoo would have testified that due to burns that Thomas suffered prior to the incident in question Thomas was in a great deal of pain and was therefore unable to fight back when the victim attacked him.
In denying claims one through three after an evidentiary hearing, the postcon-viction court noted that none of the three witnesses testified at the hearing, “rendering speculative the alleged substance of their possible testimony.” The court went on to hold that “an allegation of ineffective assistance of counsel for failure to call a witness will fail where the defendant does not present any supporting evidence at the evidentiary hearing from the witness the defendant claims would be helpful,” citing Gore v. State, 846 So.2d 461, 469-70 (Fla. 2003). Additionally, the court held that “the substance of such a witness’[s] testimony is a fact-based issue ... and thus a defendant effectively waives his allegation by failing to present evidence when given the opportunity to do so,” citing Ferrell v. State, 918 So.2d 163,173 (Fla.2005).
In reviewing a postconviction court’s ruling after an evidentiary hearing, we must defer to the court’s factual findings “to the extent that they are supported by competent, substantial evidence,” but we must review “de novo the application of the law to those facts.” Mungin v. State, 932 So.2d 986, 998 (Fla.2006).
We recognize that where a defendant makes an affirmative decision not to present evidence on his claims at an evidentia-ry hearing, the claims may be deemed waived. See Ferrell, 918 So.2d at 173-74 (holding that where postconviction counsel informed the court that the defense “decided not to proceed with” the presentation of witnesses at an evidentiary hearing, appellant waived his claim); Gore v. State, 24 So.3d 1, 13-14 (Fla.2009) (relying on Ferrell and holding that appellant waived his penalty-phase ineffective assistance of counsel claims where he made it clear he was not interested in pursuing such claims and he “did not ‘care’ ” about an evidentia-ry hearing). Additionally, where trial counsel testifies at an evidentiary hearing and the defendant fails to present any evidence rebutting counsel’s testimony, the defendant’s claim may fail. See Gore, 846 So.2d at 469-70 (holding that where trial counsel was the only witness at evidentiary hearing and he testified about his efforts to call witnesses on defendant’s behalf, defendant’s failure to present any testimony to support his allegations resulted in a failure to prove ineffective assistance claim).
But neither of those factual scenarios exist in this case. Here, there is nothing in the record indicating that Thomas affirmatively waived the presentation of the witnesses. Rather, Thomas asserted in his initial brief that he asked postconviction counsel to secure the attendance of the various witnesses, and attached to Thomas’s initial brief were letters he wrote to his postconviction counsel reflecting the same. There was no explanation provided by postconviction counsel at the evidentia-ry hearing as to why the witnesses were not called. An additional distinction in this case is that trial counsel failed to appear at the evidentiary hearing because the State failed to issue a subpoena for his attendance.
*1194 Although the postconviction court had Thomas’s unrefuted testimony regarding the substance of the witnesses’ testimony and how their testimony would have aided his theory of self-defense, the postconviction court denied the claims solely on the basis that the witnesses did not testify at the hearing.
Generally, a defendant has the burden to present evidence at a postcon-viction evidentiary hearing, and once he does so, even if only through the presentation of his own testimony, the State must present contradictory evidence. See Williams v. State, 974 So.2d 405, 407 (Fla. 2d DCA 2007); Pennington v. State, 34 So.3d 161, 154-55 (Fla. 1st DCA 2010). Further, if a defendant’s testimony is un-refuted and the postconviction court has not articulated a reason to disbelieve the defendant, the court cannot choose to disregard the defendant’s testimony. See, e.g., Williams, 974 So.2d at 407-08 (noting that postconviction court did not attribute defendant’s lack of credibility to his demeanor or any inconsistent actions and thus court did not articulate any reason for finding appellant’s testimony not credible); Beasley v. State, 964 So.2d 213, 216-17 (Fla. 2d DCA 2007) (holding that postcon-viction court’s findings were not supported by competent, substantial evidence where postconviction court chose not to believe appellant’s testimony even though it was unrefuted); Matton v. State, 872 So.2d 308, 312 (Fla. 2d DCA 2004) (holding that postconviction court had no evidence whatsoever upon which to base a finding that appellant knowingly and voluntarily waived his right to previously accrued gain time where appellant’s testimony was un-refuted); Feldpausch v. State, 826 So.2d 354, 356 (Fla. 2d DCA 2002) (finding that because there was no conflicting testimony that required postconviction court to assess credibility of different witnesses, post-conviction court erred by rejecting testimony of attorney simply because it did not wish to believe him).[2]
However, we recognize that the facts of this case are not typical. The first problem here is that there is no indication that the postconviction court actually considered Thomas’s unrefuted testimony before denying the claims. The postconviction court simply did not cite any reasons for disregarding Thomas’s testimony.
We acknowledge that at the evidentiary hearing, Thomas testified about discussions he had had with trial counsel in regard to calling Bernice Rambert and Dr. Jagoo to testify at trial. Although portions of Thomas’s testimony suggest that trial counsel may have had strategic reasons for not calling both of those witnesses, we decline to adopt such inferences based on the few comments Thomas made, especially because trial counsel did not appear at the hearing to provide his own explanation.[3]
The postconvietion court’s error in failing to even consider Thomas’s unrefuted testimony was compounded by the fact that Thomas apparently tried to secure the attendance of the witnesses at the eviden-tiary hearing but for some unexplained reason, that did not occur. Thus, the post- *1195 conviction court erred by denying these claims solely because Thomas’s witnesses did not appear at the hearing.
We believe that under the unique circumstances of this case — where the State failed to put on any evidence, where the postconviction court failed to consider Thomas’s unrefuted testimony, and where there is a suggestion that Thomas attempted to secure the presence of the witnesses but for some unexplained reason his post-conviction counsel failed to do so — a new trial is not the appropriate remedy. Rather, we believe that the multiple procedural irregularities essentially rendered the evi-dentiary hearing meaningless and, therefore, the appropriate remedy would be to reverse and remand for a second eviden-tiary hearing. Cf. Mendoza v. State, 964 So.2d 121, 125 (Fla.2007) (reversing and remanding for second evidentiary hearing where the circuit court failed to evaluate the evidence either in its order or on the record and the original circuit court judge was deceased). We note however that it is the combination of procedural irregularities that requires a reversal of these claims and that this opinion should not be read to hold that a defendant’s self-serving testimony about what a witness would say is sufficient to establish ineffective assistance of counsel based on the failure to call a witness.

Ineffective assistance based on failure to adequately prepare and failure to impeach

In claim four, Thomas presented two allegations relating to counsel’s failure to adequately prepare for trial by reviewing the victim’s medical records: (1) because the medical records revealed that there were no bullets still lodged in the victim’s body, counsel could have used the medical records to impeach the victim’s credibility where the victim testified that he still had bullets lodged in his body, and (2) counsel could have used the medical records to prove that the victim did not suffer great bodily harm, which would have negated the State’s proof of attempted first-degree murder.
We recognize that in summarily denying claim four, the postconviction court cited Thomas’s allegation regarding failure to impeach the victim and found that “counsel was not deficient in failing to impeach the victim on the issue of whether the bullets remained lodged in his body.” However, in making that finding, the post-conviction court improperly merged both allegations of claim four into one allegation. That is, the postconviction court cited Coronado v. State, 654 So.2d 1267, 1270 (Fla. 2d DCA 1995), for the definition of great bodily harm and then determined that Thomas’s “act of shooting the victim multiple times ... constitute^] great bodily harm, irrespective of whether the bullets remained lodged in the victim’s body.” We agree that the issue of whether the bullets remained lodged in the victim’s body was not dispositive of whether the State established that great bodily harm occurred, and therefore, we affirm the summary denial of that portion of claim four. But Thomas’s allegation that the medical records could have been used to generally impeach the victim’s credibility was a legally sufficient claim and was an issue that the postconviction court did not address. We therefore reverse the summary denial of that portion of claim four and remand for the postconviction court to either attach records refuting it or to evaluate that portion of the claim at the second evidentiary hearing. See Peede v. State, 748 So.2d 253, 257 (Fla.1999) (“To uphold the [postconviction] court’s summary denial of claims raised in a 3.850 motion, the claims must be either facially invalid or conclusively refuted by the record.”); Tapp v. State, 44 So.3d 666, 667 (Fla. 2d DCA 2010) (reversing summary denial of claim made in rule 3.850 motion and remanding for postconviction court to either *1196 attach records refuting claim or to hold an evidentiary hearing).

Conclusion

We conclude that based on the unique circumstances of this case, the postconviction court erred in denying claims one through three of Thomas’s rule 3.850 motion solely because Thomas’s witnesses did not appear at the evidentiary hearing. We reverse the denial of those claims and remand with instructions to the postconviction court to conduct a second evidentiary hearing. Because the postconviction court erred in analyzing a portion of claim four, we reverse the summary denial of the portion of that claim dealing with counsel’s failure to impeach the victim with medical records. On remand, the postconviction court should either attach records refuting that portion of claim four or it should evaluate that portion of the claim at the second evidentiary hearing.
Affirmed in part, reversed in part, and remanded for proceedings in conformance herewith.
LaROSE and KHOUZAM, JJ., Concur.

. Thomas was convicted of attempted first-degree murder in 2006. His direct appeal was affirmed by this court. Thomas v. State, 970 So.2d 833 (Fla. 2d DCA 2007) (table decision).

. Cf. Walls V. State, 641 So.2d 381, 390 (Fla.1994) (“As a general rule, uncontroverted factual evidence cannot simply be rejected unless it is contrary to law, improbable, untrustworthy, unreasonable, or contradictory.”).

. Regarding Mr. McDonald, Thomas testified that when he asked his trial counsel to have Mr. McDonald testify for the defense, defense counsel did not respond. Thus, unlike the discussions regarding the other two witnesses, there is nothing in the record indicating that trial counsel provided a reason for declining to call Mr. McDonald to testify.