NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


TAKENDRICK CAMPBELL,                    )
                                        )
        Appellant,           )
                                        )
v.                                      )    Case No. 2D16-4698
                                        )
STATE OF FLORIDA,                       )
                                        )
        Appellee.            )
_____ )

Opinion filed June 8, 2018.

Appeal from the Circuit Court for Lee
County; Joseph C. Fuller, Jr., Judge.

Deana K. Marshall of Law Office of Deana
K. Marshall, P.A., Riverview, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and David Campbell,
Assistant Attorney General, Tampa, for
Appellee.


BLACK, Judge.

        Takendrick Campbell appeals from the order denying his motion for

postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We

affirm in part and reverse in part; our reversal in part requires that Campbell receive a

new trial on the charges of trafficking in illegal drugs, trafficking in cocaine, and possession of a controlled substance. Accordingly, we address only the claims necessitating a new trial.

I.      The trial

Campbell was charged with trafficking in illegal drugs (oxycodone), trafficking in cocaine, possession of a controlled substance (MDMA), and misdemeanor possession of marijuana. After declining a plea offer from the State, Campbell proceeded to trial.

The State presented the testimony of the arresting officer and a crime lab analyst. As pertinent to our resolution of this appeal, the arresting officer testified at trial that on the day of Campbell's arrest the officer was part of a burglary suppression team and that during his patrol he noticed a man lying in the backseat of a vehicle parked in the driveway of a duplex. The officer testified that he approached the vehicle and made contact with the man, Campbell. He noticed that Campbell had what appeared to be a marijuana cigar in the brim of his hat. After the cigar field tested positive for marijuana, the officer arrested Campbell for possession of marijuana. He then searched the car prior to having it towed. During his search the officer found a container of cocaine and pills in the seatback pocket of the driver's seat; the pills were later determined to be oxycodone and MDMA. The officer determined that Campbell was the second person listed on the vehicle's title.

At the close of the State's case, Campbell's counsel moved for judgment of acquittal, arguing that the State failed to prove Campbell's constructive possession of the cocaine, oxycodone, and MDMA. The court denied the motion, finding that no

evidence had been presented that anyone but Campbell was or had been in the vehicle on the day of Campbell's arrest and that the State was therefore entitled to the inference that Campbell had knowledge of and control over the drugs. See State v. Odom, 862 So. 2d 56, 59 (Fla. 2d DCA 2003) ("As the sole occupant and driver of the vehicle, Odom had exclusive possession of the vehicle creating an inference of his dominion and control over the contraband contained therein particularly since the contraband was found lodged between the driver's seat and the console of the car. Likewise, knowledge of the presence of the contraband . . . could be inferred or presumed because Odom was in exclusive possession of the automobile when it was stopped." (citation omitted)); see also Fla. Std. Jury Instr. (Crim.) 25.2 ("If you find that (defendant): . . . had exclusive control of the place where the substance was located, you may infer that [he] [she] was aware of the presence of the substance and had the power and intention to control it.").

The defense presented no witnesses, and the trial proceeded to closing arguments. As she had done in opening statements, Campbell's counsel argued that Campbell's proximity to the drugs was not enough to convict him. Campbell's counsel argued, in part, that "[p]ossession of the car doesn't equal possession of the drugs." She argued that the State had to prove that Campbell knew the container was in the car and knew drugs were in the container: "[Y]ou can't guess those or infer those or assume those. [The State] has to prove it."

Campbell was found guilty on all counts; he was sentenced to a mandatory 25 years in prison on the trafficking in oxycodone conviction, 10.79 years with a minimum mandatory of 3 years on the trafficking in cocaine conviction, 10.79

years on the possession of MDMA conviction, all to run concurrently with the 25-year sentence, and to time served in county jail on the marijuana possession conviction. Campbell's judgment and sentences were affirmed on direct appeal. Campbell v. State, 109 So. 3d 792 (Fla. 2d DCA 2013) (table decision).

II.     The postconviction motion and hearing

Campbell timely filed the present motion for postconviction relief, raising multiple claims of ineffective assistance of trial counsel. In support of his claims, Campbell attached affidavits from Floyd McKenzie and Campbell's mother, Elsie Campbell. Five of Campbell's claims were summarily denied by a nonfinal order rendered July 27, 2015, including Campbell's claim that his counsel misadvised him regarding a five-year plea deal offered by the State. The July order included the finding that "the trial transcript reveals that no evidence was presented to support a finding that [Campbell] did not have exclusive possession of the drugs."

Four of Campbell's remaining claims were considered at an evidentiary hearing; the final claim, cumulative effect, was to be considered thereafter. Mr. McKenzie and Ms. Campbell both testified at the evidentiary hearing.

Consistent with the affidavit attached to Campbell's motion, Mr. McKenzie testified that he had been in the vehicle on the day that Campbell was arrested. He testified that Ms. Campbell had been driving the car when she and Campbell gave Mr. McKenzie a ride and that he had been sitting in the backseat behind the driver's seat. Mr. McKenzie also testified that he had advised Campbell's trial counsel of his presence in the vehicle and that he would have testified at trial.

Ms. Campbell's testimony corroborated Mr. McKenzie's as to his presence in the backseat of the vehicle on the day of Campbell's arrest. She also confirmed that she had been driving the vehicle that day. Ms. Campbell testified that she had spoken with Campbell's trial counsel several times, asking counsel about the plea offer from the State and whether counsel would have Ms. Campbell and Mr. McKenzie testify at trial. According to Ms. Campbell, counsel repeatedly stated that it made no sense for Campbell to take the plea offer because "the State had no case" and that neither Ms. Campbell's testimony nor Mr. McKenzie's testimony was necessary for trial.

Campbell also testified at the hearing. He stated that he and Ms. Campbell had been in the car the day of his arrest and that Ms. Campbell had been driving. He confirmed that Mr. McKenzie had been sitting in the backseat, behind the driver's seat. Campbell testified that his defense was that the drugs were not his and that he had no knowledge of them. He testified that he wanted his mother and Mr. McKenzie to testify at trial and that his counsel advised him that it was unnecessary to have either of them testify.

On cross-examination, Campbell confirmed that the mandate issued in his direct appeal in 2013 and that his postconviction motion was not filed until 2015. He also confirmed that he knew that his trial counsel had died in 2014. When asked why he did not file a postconviction motion sooner, Campbell testified that he was "trying to scrape up some money for counsel." Ultimately, counsel was retained; postconviction counsel filed the current motion and represented Campbell at the evidentiary hearing.

Because Campbell's trial counsel died prior to the filing of the rule 3.850 motion, only Campbell presented evidence relevant to the disposition of his claims. The

State presented no evidence rebutting or conflicting with the testimony presented by Mr. McKenzie, Ms. Campbell, or Campbell.

After consideration of written posthearing arguments, the court entered its final order denying Campbell's motion for postconviction relief, including the claims that counsel was ineffective for failing to call Mr. McKenzie and Ms. Campbell as witnesses. In denying those claims, the postconviction court found that Campbell had failed to carry his burden because the witnesses were not credible and Campbell had not established that the outcome of the trial would have been different had they testified.

III.     Analysis

On review of an order denying postconviction relief following an evidentiary hearing, we defer to the postconviction court's factual findings that are supported by competent substantial evidence but we review de novo the court's legal conclusions. Light v. State, 796 So. 2d 610, 615 (Fla. 2d DCA 2001). A facially sufficient claim that counsel was ineffective in failing to call witnesses whose testimony would cast doubt on the defendant's guilt generally requires an evidentiary hearing, the purpose of which "is to determine whether trial counsel acted reasonably in not presenting the alleged exculpatory evidence." Perez v. State, 128 So. 3d 223, 226 (Fla. 2d DCA 2013) (citing Jacobs v. State, 880 So. 2d 548, 555 (Fla. 2004)). The defendant carries the burden of proving his claims of ineffective assistance of counsel at such an evidentiary hearing. See Williams v. State, 974 So. 2d 405, 407 (Fla. 2d DCA 2007); see also Fla. R. Crim. P. 3.850(f)(8)(B) ("At an evidentiary hearing, the defendant shall have the burden of presenting evidence and the burden of proof in support of his or her motion, unless otherwise provided by law.").

"[W]hen a defendant presents competent substantial evidence in support of his ineffective assistance claim[s], the burden shifts to the State to present contradictory evidence." Williams, 974 So. 2d at 407 (citing Green v. State, 857 So. 2d 304, 305 (Fla. 2d DCA 2003)); accord Thomas v. State, 117 So. 3d 1191, 1194 (Fla. 2d DCA 2013) ("Generally, a defendant has the burden to present evidence at a postconviction evidentiary hearing, and once he does so, even if only through the presentation of his own testimony, the State must present contradictory evidence."). While trial counsel's strategic decisions are "virtually unchallengeable," those decisions which are "patently unreasonable" will not withstand scrutiny. Light, 796 So. 2d at 616 (first quoting Downs v. State, 453 So. 2d 1102, 1108 (Fla. 1984); and then quoting Roesch v. State, 627 So. 2d 57, 58 n.3 (Fla. 2d DCA 1993)). Where there is "no conflicting testimony that required the [postconviction] court to assess the relative credibility of different witnesses," the issue is not one of witness credibility. Feldpausch v. State, 826 So. 2d 354, 356 (Fla. 2d DCA 2002); see also Yarbrough v. State, 871 So. 2d 1026, 1029 (Fla. 1st DCA 2004) ("[T]he evidentiary hearing raised virtually no disputed issues. . . . Thus, the [postconviction] court needed only to apply these established facts to the law regarding ineffective assistance of counsel."). "[I]f a defendant's testimony is unrefuted and the postconviction court has not articulated a reason to disbelieve the defendant, the court cannot choose to disregard the defendant's testimony." Thomas, 117 So. 3d at 1194. Additionally, a postconviction court's "capacity to determine the credibility of the witnesses in a postconviction motion is more limited when the [court] is examining whether the failure to call a particular witness prejudiced the defendant." Light, 796 So. 2d at 617.

Here, Campbell met his burden under the first prong of Strickland.[1]  He presented unrefuted competent substantial evidence that counsel's performance was deficient for failing to call two witnesses who would have testified to a potentially exculpatory fact at trial, namely that Campbell had not been the only person in the vehicle on the day of his arrest.  See Edwards v. State, 186 So. 3d 1069, 1072 (Fla. 2d DCA 2016) (reversing conviction for constructive possession of cocaine where evidence established that other people had been in the vehicle on the day of the defendant's arrest and otherwise failed to prove that defendant had knowledge of and ability to control the cocaine).  Where the defendant is in the exclusive possession of an automobile in which drugs are found, the State is entitled to a presumption that the defendant had knowledge of and control over the drugs; that is, the State need not present evidence of defendant's knowledge of the presence of the drugs.  Odom, 862 So. 2d at 59; see also State v. Lee, 230 So. 3d 886, 888 (Fla. 4th DCA 2017) (" 'If the premises on which the drugs are found are in the exclusive possession and control of the accused, knowledge of their presence on such premises coupled with his ability to maintain control over them may be inferred.'  This rebuttable inference stands even when the [S]tate offers no evidence of how the defendant came to possess the vehicle in which drugs were found." (quoting Lee v. State, 835 So. 2d 1177, 1179 (Fla. 4th DCA 2002))).  And "[w]hile the presumption of guilty knowledge may be overcome by evidence tending to show a lack of guilty knowledge, merely demonstrating that others theoretically had access to the automobile would not necessarily negate the presumption."  Odom, 862 So. 2d at 59 (emphasis added); cf. Edwards, 186 So. 3d at

_____

[1]Strickland v. Washington, 466 U.S. 668 (1984).

- 8 -

1072 (stating that when drugs are found in an area jointly possessed, the State is not entitled to the inference of knowledge and control). Thus, competent defense counsel would have understood that evidence was necessary to establish that Campbell was not the only person who had been in the vehicle on the day of Campbell's arrest. Cf. Light, 796 So. 2d at 614 (stating that "competent defense counsel would understand that the defense needed to raise a reasonable doubt about Officer Penix's testimony" where "the case was a swearing match between a police officer and a nine-time convicted felon").

The failure to present any evidence that Campbell was not the only person in the vehicle that day, and thus to rebut the inference of Campbell's knowledge of and control over the drugs, falls below the standard of reasonably effective counsel. See State v. Plummer, 228 So. 3d 661, 668 (Fla. 1st DCA 2017) (concluding that counsel performed deficiently by failing to present evidence as to the nature of the gun—BB or airsoft—where the defendant was charged with carrying a weapon); Kruse v. State, 222 So. 3d 13, 17 (Fla. 4th DCA 2017) (concluding counsel performed deficiently in failing to request a self-defense instruction where self-defense was the only proffered defense to the charge); State v. Jackson, 204 So. 3d 958, 964 (Fla. 5th DCA 2016) (concluding that counsel rendered deficient performance where she misunderstood the law on insanity as a defense). Campbell established deficient performance of trial counsel. Thus, we consider the more difficult issue of whether Campbell sufficiently established prejudice.

"The benchmark for judging claims of ineffectiveness . . . is whether the conduct of counsel 'so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result.' " Sierra v. State, 230

- 9 -

So. 3d 48, 52 (Fla. 2d DCA 2017) (quoting Cabrera v. State, 766 So. 2d 1131, 1133 (Fla. 2d DCA 2000)); see also Balmori v. State, 985 So. 2d 646, 649 (Fla. 2d DCA 2008) (reiterating that the deficient performance "must further be demonstrated to have so affected the fairness and reliability of the proceeding that confidence in the outcome is undermined" (quoting Maxwell v. Wainwright, 490 So. 2d 927, 932 (Fla. 1986))).  "In a case like this one, which turns on counsel's omissions, both the [postconviction] and appellate courts must evaluate the circumstances from the standpoint of what might have been."  Lee v. State, 899 So. 2d 348, 354 (Fla. 2d DCA 2005).  In cases involving the failure to call witnesses, the prejudice prong of Strickland requires that the postconviction court consider the admissibility of the testimony; its weight as determined by whether it goes to the merits of the case, is cumulative, and is material and relevant; and any inconsistencies presented by it.  See Light, 796 So. 2d at 617 (citing Jones v. State, 709 So. 2d 512, 521 (Fla. 1998)).  "That is, the [postconviction court] is not examining simply whether [it] believes the evidence presented as opposed to contradictory evidence presented at trial, but whether the nature of the evidence is such that a reasonable jury may have believed it."  Lee, 899 So. 2d at 354-55 (quoting Light, 796 So. 2d at 617).

Here, Campbell's testimony at the hearing as well as the trial transcript attached to the postconviction court's order establishes that Campbell's knowledge of and control over the drugs was the only disputed issue at trial.  Mr. McKenzie's and Ms. Campbell's testimony "could possibly have provided the incremental amount of reasonable doubt necessary to win an acquittal"; certainly, their testimony would have been critical to the only defense presented.  See Balmori, 985 So. 2d at 651; see also

- 10 -

McClellan v. State, 112 So. 3d 754, 755 (Fla. 2d DCA 2013) ("The employer's testimony had the potential to corroborate McClellan's testimony, strengthen his credibility, and kindle reasonable doubt in the minds of the jurors.").

Mr. McKenzie's testimony as to his presence in the vehicle on the day Campbell was arrested was consistent internally and with Ms. Campbell's. Cf. Mosley v. State, 209 So. 3d 1248, 1263 (Fla. 2016) (affirming denial of postconviction relief where testimony was internally inconsistent and conflicted with the State's witnesses' testimony). The jury in this case heard the testimony of the arresting officer and was instructed on the presumption in favor of the State; no evidence tending to rebut that presumption was presented, and in fact, Campbell's trial counsel argued an erroneous legal standard. Cf. Cabrera, 766 So. 2d at 1134 ("We reject, however, the legal conclusion that the decision to forego this defense was a reasonable trial tactic when defense counsel acknowledged that it was legally available and that there was no other defense to present.").

Where counsel fails to present evidence supporting the defense or otherwise fails to support the defense argued such that the court's "confidence in the outcome of the proceedings has been undermined," prejudice has been established. See Lee, 899 So. 2d at 349 (reversing for a new trial where counsel failed to present an adequate defense); cf. Platt v. State, 697 So. 2d 989, 991 (Fla. 4th DCA 1997) ("The failure of defense counsel to request an instruction . . . has been deemed to be an 'unreasonable omission which severely prejudiced his client's case' where the error complained of 'negated the only defense put forth by trial counsel.' " (quoting Spaziano v. State, 522 So. 2d 525, 527 (Fla. 2d DCA 1988))). "[T]he failure to pursue the

[available] defense constituted ineffective assistance of counsel because 'defense counsel, by [her] substandard performance, deprived defendant of his sole defense and the opportunity to corroborate the defense . . . ."  Cabrera, 766 So. 2d at 1134 (second alteration in original) (quoting Stephens v. State, 748 So. 2d 1028, 1035 (Fla. 1999)); see also Dames v. State, 807 So. 2d 756, 758 (Fla. 2d DCA 2002) (reversing for a new trial where counsel was ineffective for "stat[ing] a defense and then fail[ing] to introduce evidence in support of the defense"); Honors v. State, 752 So. 2d 1234, 1236 (Fla. 2d DCA 2000) (concluding that both prongs of Strickland had been met where "defense counsel failed to secure the attendance of an exculpatory witness in a circumstantial evidence case" and the witness's testimony "would have cast doubt on the only evidence linking Honors to the crime").

Accordingly, we affirm in part and reverse in part the postconviction order denying Campbell's rule 3.850 motion.  Our reversal in part necessitates a new trial on the trafficking charges and possession of a controlled substance charge; Campbell's conviction and sentence for misdemeanor possession of marijuana are unaffected by our decision.

Affirmed in part; reversed in part; remanded with instructions.

MORRIS and BADALAMENTI, JJ., Concur.