IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

JEAN DAVID GERMAIN,

       Appellant,

v.

                                         Case No.  5D21-2553
                                         LT Case No. 2014-CF-000107

STATE OF FLORIDA,

       Appellee.

_____/

Opinion filed August 19, 2022

3.850 Appeal from the Circuit
Court for Orange County,
Tanya Davis Wilson, Judge.

Robert David Malove, of The Law
Office of Robert David Malove, Ft.
Lauderdale, for Appellant.

Ashley Moody, Attorney General,
Tallahassee, and Bonnie Jean
Parrish, Assistant Attorney General,
Daytona Beach, for Appellee.

COHEN, J.

Jean David Germain appeals the lower court's order denying his motion for postconviction relief brought under Florida Rule of Criminal Procedure 3.850. We affirm.

Following a jury trial, Germain was convicted of attempted first-degree murder with a firearm and sentenced to life in prison. His judgment and sentence were per curiam affirmed on direct appeal. Germain v. State, 257 So. 3d 138 (Fla. 5th DCA 2018). Thereafter, Germain filed his rule 3.850 motion, alleging several grounds of ineffective assistance of counsel. The lower court summarily denied one ground and set the remaining grounds for an evidentiary hearing.

Prior to the evidentiary hearing, and while Germain was represented by private counsel, he independently filed an "Affidavit of Truth," which contained a plethora of irrelevant and nonsensical allegations. He also requested that his counsel withdraw. Thus, at the outset of the evidentiary hearing, the lower court granted counsel's motion to withdraw, and Germain was poised to proceed pro se. On five occasions, the court instructed Germain to proceed; in each instance he instead raised irrelevant matters, including demanding that the court address him in a particular way and then repeatedly asking if the State would be responding to his incomprehensible "Affidavit of Truth." As a result, the court had Germain removed from the

2

courtroom and proceeded to hear evidence from the State, thereafter denying Germain's rule 3.850 motion.

On appeal, Germain argues that his due process rights were violated when the lower court removed him from the courtroom, without warning, and allowed the State to proceed on his rule 3.850 motion, foreclosing his ability to present evidence and cross-examine witnesses. While we agree that an explicit warning would have been preferable and might have remedied Germain's disruptive conduct, his due process argument nonetheless fails, as it overlooks that his stubborn refusal to proceed and present his case rendered him unable to meet his burden of proof. See Thomas v. State, 117 So. 3d 1191, 1194 (Fla. 2d DCA 2013) ("[A] defendant has the burden to present evidence at a postconviction evidentiary hearing, and once he does so, even if only through the presentation of his own testimony, the State must present contradictory evidence." (citations omitted)). Once Germain failed to proceed, the court should have simply denied his motion on that basis, rendering the continuation of the proceeding unnecessary. While under normal circumstances the presentation of evidence outside the presence of the defendant or counsel might have been problematic, in this case the State's presentation of evidence was superfluous. Accordingly, we reject Germain's efforts to establish a due process violation, as he was granted an

3

opportunity to be heard but forfeited it when he continually refused to present his case.

AFFIRMED.

NARDELLA and WOZNIAK, JJ., concur.