DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

ALEXANDRE TALUY,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

No. 2D23-1213
_____

March 20, 2024

Appeal from the Circuit Court for DeSoto County; Hunter W. Carroll, Judge.

Howard L. Dimmig, II, Public Defender, and Susan M. Shanahan, Assistant Public Defender, Bartow, for Appellant.

Ashley Moody, Attorney General, Tallahassee, and Alicia M. Winterkorn, Assistant Attorney General, Tampa, for Appellee.

SILBERMAN, Judge.

Alexandre Taluy appeals the trial court's denial of his motion for postconviction relief following an evidentiary hearing. We affirm because Taluy has not demonstrated any reversible error.

Following a jury trial, Taluy was convicted of four counts of sexual battery upon a person twelve or older but less than eighteen by a person in familial/custodial authority. We affirmed his judgment and sentences. *See Taluy v. State*, 272 So. 3d 1246 (Fla. 2d DCA 2019) (table decision).

Taluy then moved for postconviction relief, alleging multiple grounds. In this appeal, he only challenges the denial of ground Two-B.

In that ground, Taluy argued that his trial counsel was ineffective for failing to impeach the victim, B.M., during her trial testimony. He contended that B.M.'s testimony was inconsistent with her earlier statements as to the time Taluy drove her to school the morning a sexual battery allegedly occurred. He claimed that B.M. gave different times in her initial statement to law enforcement, at her deposition, and at trial. The postconviction court granted Taluy a limited evidentiary hearing on this ground.

During the hearing, several transcripts were admitted into evidence including B.M.'s initial statement to law enforcement, her deposition, her trial testimony, and Taluy's post-*Miranda*[1] statement to law enforcement. Taluy testified as to what he thought were inconsistencies in B.M.'s trial testimony and her prior statements. But he conceded that during a controlled call, he admitted performing oral sex on B.M. and engaging in sexual intercourse with her. He also acknowledged that there was a cell phone recording of he and B.M. engaging in sexual activity on the morning in question.

Taluy's trial counsel also testified at the hearing. He did not believe that the time B.M. left for school on the morning of the sexual battery was a material, pertinent issue but was instead a minor detail. He added that B.M. had not testified at trial as to the time she left for school or arrived at school, and, therefore, he could not impeach her as to the time frame.

In the thorough order denying relief, the postconviction court summarized the transcripts and testimony. The court found that there

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

were no inconsistencies in B.M.'s trial testimony and her prior statements. The court noted Taluy's admissions to at least one instance of sexual intercourse with B.M., numerous instances in which he and B.M. kissed and touched each other in a sexual manner, and one occasion in which he and B.M. had engaged "in a '69' sexual act." The court concluded that any inconsistency as to the time frame would be immaterial. The court added that even if the times that B.M. left for school and arrived at school were material, there were no inconsistencies in B.M.'s initial statement to law enforcement, her deposition testimony, and her trial testimony.

"Postconviction courts hold a superior vantage point with respect to questions of fact, evidentiary weight, and observations of the demeanor and credibility of witnesses." *Lebron v. State*, 135 So. 3d 1040, 1052 (Fla. 2014). Thus, when reviewing a postconviction court's denial of relief after an evidentiary hearing, "we defer to the postconviction court's factual findings that are supported by competent substantial evidence but we review de novo the court's legal conclusions." *Campbell v. State*, 247 So. 3d 102, 106 (Fla. 2d DCA 2018) (citing *Light v. State*, 796 So. 2d 610, 615 (Fla. 2d DCA 2001)).

To prevail on an ineffective assistance of counsel claim, a defendant must satisfy the two-prong test established in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). *Jackson v. State*, 353 So. 3d 666, 667 (Fla. 2d DCA 2022). First, the defendant must demonstrate counsel's deficient performance. *Id.* (citing *Strickland*, 466 U.S. at 687). This requires the defendant to show that counsel's "errors [were] so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Hodges v. State*, 885 So. 2d 338, 345 (Fla. 2004) (quoting *Strickland*, 466 U.S. at 687). Second, the defendant must

establish prejudice by showing "that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' " *Id.* (quoting *Strickland*, 466 U.S. at 694).

Competent, substantial evidence supports the postconviction court's findings that Taluy failed to prove that the victim's testimony was inconsistent or that his trial counsel was ineffective. Because Taluy failed to establish any error in the postconviction court's findings or conclusions, we affirm the denial of relief.

Affirmed.

BLACK and SMITH, JJ., Concur.

———————————————

Opinion subject to revision prior to official publication.