526 So.2d 909 (1988)
Daniel Lee DOYLE, Appellant/Petitioner,
v.
STATE of Florida, Appellee/Respondent.
Nos. 72462, 72529.
Supreme Court of Florida.
June 23, 1988.
*910 Sanford L. Bohrer and R. Marcus Cobourn of Thomson, Zeder, Bohrer, Werth & Razook, Miami, for appellant/petitioner.
Robert A. Butterworth, Atty. Gen. and John Tiedemann, Asst. Atty. Gen., West Palm Beach, for appellee/respondent.
PER CURIAM.
Daniel Lee Doyle, a prisoner under sentence of death, petitions this Court for a writ of habeas corpus and requests a stay of execution. Doyle also appeals the trial court's denial of his motion to vacate judgment and sentence filed pursuant to Florida Rule of Criminal Procedure 3.850. We have jurisdiction pursuant to article V, sections (3)(b)(1) and (3)(b)(9), Florida Constitution and deny all relief.
Doyle was found guilty of the first-degree murder and sexual battery of his cousin, Pamela Kipp. The jury recommended and the trial court imposed a sentence of death. This Court affirmed both the conviction and sentence in Doyle v. State, 460 So.2d 353 (Fla. 1984). On February 6, 1987, Doyle filed his motion for post conviction relief with the trial court. An evidentiary hearing was held on September 3, 1987. While the 3.850 motion was pending, a death warrant was signed and execution was scheduled for July 8, 1988. On May 16, 1988, the trial court denied both a motion to stay execution and the 3.850 motion. Doyle seeks review of this denial.
Doyle raised five claims in his rule 3.850 motion to the trial court. Doyle asks this Court to review the denial of four of those claims and raises a fifth claim which was not presented in the 3.850 motion to the trial court. The four claims which were rejected by the trial court are: 1) that the trial court and the prosecutor impermissibly diminished the jury's role in sentencing contrary to the United States Supreme Court's decision in Caldwell v. Mississippi, 472 U.S. 320, 105 S.Ct. 2633, 86 L.Ed.2d 231 (1985); 2) that he was A) denied his right to due process and equal protection because of incompetent psychological evaluations and B) denied his right to effective assistance of counsel because his trial counsel failed to present competent expert testimony relating to two statutory mitigating circumstances; 3) that police improperly refused to honor his request for counsel during interrogation; and 4) that he was deprived of his right to counsel after first appearance. As his fifth claim Doyle argues *911 that execution of the mentally retarded is cruel and unusual punishment.
Of these claims, the trial court correctly found that claims 1 (Caldwell)[1], 2(A) (psychological evaluation), and 4 (right to counsel), are procedurally barred because they could have been raised on direct appeal, if properly preserved at trial. Claim 5 (cruel and unusual punishment) is also procedurally barred because it was not presented to the trial court in Doyle's rule 3.850 motion and cannot be raised for the first time in this appeal. Further, even if this claim had been presented below, it would have been barred because it too could have been raised on direct appeal.
Doyle's third claim, that his request for an attorney during interrogation was not honored, was rejected by this Court on direct appeal. 460 So.2d at 356. We decline Doyle's suggestion to reconsider our ruling on this claim in light of the United States Supreme Court's opinion Smith v. Illinois, 469 U.S. 91, 105 S.Ct. 490, 83 L.Ed.2d 488 (1984) which was decided subsequent to the direct appeal. On direct appeal we rejected this claim, noting that
[t]he record indicates that Doyle's only mention of an attorney occurred early in the first interrogation session when he remarked that the attorney who had represented him in an earlier matter was currently out of town... . At no time in the questioning did Doyle indicate an unwillingness to answer questions in the absence of counsel. On these facts it is impossible to find any indication that appellant wished to deal with the police only through counsel, as is necessary to invoke the protection of Edwards v. Arizona, 451 U.S. 477, 101 S.Ct. 1880, 68 S.Ct. [sic] 378 (1981).
460 So.2d at 356. Doyle contends that the above analysis was contrary to the holding in Smith that "an accused's postrequest [for an attorney] responses to further interrogation may not be used to cast retrospective doubt on the clarity of the initial request itself." 469 U.S. at 100, 105 S.Ct. at 495. We agree with Doyle that a defendant invokes his right to counsel by statements that in any manner indicate his desire to deal with the police only through counsel, regardless of subsequent statements made by the defendant. See Smith 469 U.S. at 95, 105 S.Ct. at 492. However, even if we were to find that the Smith decision was a major constitutional change in the law allowing for reconsideration under Witt v. State, 387 So.2d 922 (Fla.), cert. denied, 449 U.S. 1067, 101 S.Ct. 796, 66 L.Ed.2d 612 (1980), the trial court properly rejected this claim because Smith is not applicable in this case. Our original decision was based on the fact that there was no "indication that [Doyle] wished to deal with the police only through counsel." 460 So.2d at 356.
The only claim raised in Doyle's rule 3.850 motion which merits further discussion is his fourth claim that trial counsel was ineffective for failing to present expert psychological testimony which he contends would have established that 1) the capital felony was committed while he was under the influence of extreme mental or emotional disturbance; and 2) his capacity to appreciate the criminality of his conduct or to conform his conduct to the requirements of law was substantially impaired. § 921.141(6)(b), (f), Fla.Stat (1983). Doyle takes the position that, although trial counsel sought the assistance of mental health experts in determining whether Doyle was competent to stand trial and was sane at the time of the offense, counsel failed to properly utilize the experts in connection with the penalty phase of the trial. Doyle also contends that trial counsel did not adequately argue the above mitigating factors to the judge and jury.
The trial court correctly determined that Doyle has failed to establish that defense counsel was deficient in his performance. Defense counsel sought mental health expertise to assist him before trial and presented testimony of these experts at both the guilt and penalty phases of the trial. There were no facts revealed during the rule 3.850 hearing which were not presented to the judge and jury at trial. In *912 fact, in a concurring and dissenting opinion by Justice Overton in which Justice McDonald concurred Justice Overton concluded "that mitigating circumstances under section 921.141(6)(b) and (f) were established in this record by unrefuted testimony." 460 So.2d at 359. Since the jury was instructed on these factors and defense counsel offered them for the jury's consideration in closing argument, we cannot say that counsel was deficient in his performance. Not only has Doyle failed to establish that trial counsel's performance was deficient, he has made absolutely no showing that there is a reasonable probability that the sentencing outcome would have been different if counsel had performed as Doyle contends he should have. Under the circumstances, the trial court correctly found no deficient performance prejudicing Doyle, as required by Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Accordingly, we affirm the denial of Doyle's 3.850 motion.

Petition for Writ of Habeas Corpus
Doyle raises three claims in his petition for writ of habeas corpus. First he recasts the above claim that he was denied due process and equal protection because he received incompetent psychological evaluations in terms of ineffective assistance of appellate counsel. We agree with the state that appellate counsel was not deficient for failing to raise this unpreserved meritless claim. See Jacobs v. Wainwright, 450 So.2d 200 (Fla.), cert. denied, 469 U.S. 1062, 105 S.Ct. 545, 83 L.Ed.2d 433 (1984).
We also must reject Doyle's second claim that appellate counsel was ineffective for failing to argue that he was deprived of counsel after first appearance and his third claim that appellate counsel was ineffective for failing to challenge the execution of the mentally retarded as cruel and unusual punishment. Neither of these claims was presented to the trial court and counsel is not ineffective for failing to present claims which have not been preserved for appeal.
Having found no merit to the claims raised in either the rule 3.850 motion or the petition for writ of habeas corpus, we affirm the trial court's denial of relief and deny all other relief requested.
It is so ordered.
No petition for rehearing will be considered.
McDONALD, C.J., and OVERTON, EHRLICH, SHAW and GRIMES, JJ., concur.
KOGAN, J., concurs specially with an opinion.
BARKETT, J., dissents with an opinion.
KOGAN, Justice, concurring specially.
I agree with Justice Barkett that it is cruel and unusual punishment to execute the mentally retarded, and this claim should never be rejected on the basis of a procedural bar. However, in my opinion, there is sufficient evidence in the record of the penalty proceeding from which the trial judge could find that the appellant/petitioner was not mentally retarded.
BARKETT, Justice, dissenting.
I believe Doyle is entitled to relief on his Caldwell claim. I also agree with appellant/petitioner that it is cruel and unusual punishment to execute the mentally retarded; this claim should never be rejected on the basis of a procedural bar. If there is any doubt as to Doyle's retardation, I would remand for an evidentiary hearing on the issue.
NOTES
[1] See Demps v. State, 515 So.2d 196 (Fla. 1987).