655 So.2d 1120 (1995)
Daniel Lee DOYLE, Petitioner,
v.
Harry K. SINGLETARY, Respondent.
No. 84321.
Supreme Court of Florida.
June 1, 1995.
Jenny Greenberg and Steven M. Goldstein, Volunteer Lawyers' Resource Center of Florida, Inc., Tallahassee, and Talbot D'Alemberte, President, Florida State University, Tallahassee, for petitioner.
Robert A. Butterworth, Atty. Gen. and Celia A. Terenzio, Asst. Atty. Gen., West Palm Beach, for respondent.
PER CURIAM.
Daniel Lee Doyle, an inmate under sentence of death, petitions this Court for writ of habeas corpus. We have jurisdiction based on article V, § 3(b)(9) of the Florida Constitution. We deny the petition.
*1121 The facts of this case and its procedural history are recited in Doyle's direct appeal. See Doyle v. State, 460 So.2d 353 (Fla. 1984).
We are now considering Doyle's second habeas corpus petition in this Court. See Doyle v. State, 526 So.2d 909 (Fla. 1988). Doyle raises four claims in this petition: (1) the jury received an unconstitutionally vague instruction on the heinous, atrocious, or cruel (HAC) aggravating factor; (2) appellate counsel was ineffective for failing to raise the HAC issue on direct appeal; (3) the trial judge and prosecutor diminished the role of the jury in sentencing; and (4) this Court erred on direct appeal when it failed to engage in a constitutionally proper harmless error analysis after striking an aggravator.
Doyle's first claim about the vagueness of the HAC instruction is procedurally barred. Doyle's jury received the instruction that the United States Supreme Court later found inadequate in Espinosa v. Florida, ___ U.S. ___, 112 S.Ct. 2926, 120 L.Ed.2d 854 (1992).
Claims that the HAC instruction was unconstitutionally vague are procedurally barred unless specific objection is made at trial on that ground and pursued on appeal. James v. State, 615 So.2d 668, 669 (Fla. 1993). Doyle's trial counsel preserved the issue at trial by objecting and proposing new instructions, but his appellate counsel failed to pursue the issue on direct appeal. See Doyle, 460 So.2d 353. Thus, Doyle's claim is procedurally barred.
We reject Doyle's characterization of Espinosa as a fundamental change in law that would overcome the procedural bar. Chandler v. Dugger, 634 So.2d 1066, 1069 (Fla. 1994); Jackson v. Dugger, 633 So.2d 1051, 1055 (Fla. 1993).
In addition, were we to address the issue on the merits, we would find that reading the defective instruction was harmless beyond a reasonable doubt. See State v. DiGuilio, 491 So.2d 1129 (Fla. 1986). The record reflects:
In particular, the finding that the murder was heinous, atrocious and cruel was based on evidence that the victim died of strangulation which occurred over a period of up to five minutes and that prior to losing consciousness the victim was aware of the nature of the attack and had time to anticipate her death. Murder by strangulation has consistently been found to be heinous, atrocious and cruel because of the nature of the suffering imposed and the victim's awareness of impending death.
Doyle, 460 So.2d at 357 (citations omitted).
We also find that Doyle's second claim, in which he argues that appellate counsel was ineffective for failing to pursue the HAC instruction issue, is procedurally barred. Doyle argued ineffective assistance of counsel in his first habeas petition, which this Court rejected. He is procedurally barred from raising such claims in this petition, even though the current claim would be based on a different issue. Lambrix v. Singletary, 641 So.2d 847, 848-49 (Fla. 1994).
However, were we to find no bar, we would hold that appellate counsel was not ineffective under the test set forth in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), because this Court would have rejected Doyle's Espinosa claim on direct appeal.
Doyle's third claim, which is based on an alleged violation of Caldwell v. Mississippi,[1] was raised and rejected in an earlier collateral proceeding. See Doyle, 526 So.2d at 911. Doyle cannot now relitigate this issue. Scott v. Dugger, 634 So.2d 1062, 1065 (Fla. 1993); Francis v. Barton, 581 So.2d 583, 584 (Fla.), cert. denied, 501 U.S. 1245, 111 S.Ct. 2879, 115 L.Ed.2d 1045 (1991).
Finally, Doyle's claim about this Court's harmless error analysis on direct appeal is procedurally barred. Francis; Lambrix.
Accordingly, we deny Doyle's petition for writ of habeas corpus.
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW, KOGAN, HARDING, WELLS and ANSTEAD, JJ., concur.
NOTES
[1] 472 U.S. 320, 105 S.Ct. 2633, 86 L.Ed.2d 231 (1985).