HARRIS, Judge.
Although we denied rehearing, we nevertheless find that the earlier opinion should be corrected. We therefore, substitute this corrected opinion for the earlier one.
In 1990, Angel Rosado was convicted of the first degree murder of his wife. In his current pro se appeal of the denial of his motion for post conviction relief, he urges that his counsel was ineffective in several respects. First, he contends that his counsel failed to discover witnesses who would confirm that Rosado made no incriminating statement or, if he made such a statement, that he learned the information from a police report and did not gain the information first hand from committing the murder. Apparently Rosado does not see the inconsistency in this argument.
At trial (and in his motion for post trial relief), Rosado’s position was that he made no incriminating statement. It is understandable, then, why his attorney did not look for witnesses to explain the source of the knowledge depicted by such a statement. The attorney was not ineffective in this regard. Rosado’s attorney did find a witness who would testify that he did not hear Rosa-do make the statement, but the attorney did not call the witness because the witness’s failure to hear a statement was little proof that the statement was not made. We cannot fault the attorney’s strategy in not calling such witness.
In his second point, Rosado argues that his attorney was ineffective in not presenting witnesses who would contradict Mr. Fridley’s allegations that Rosado also made an incriminating statement to him. This argument was not raised in the motion for post trial relief presented to the trial judge and will not be considered on appeal. Doyle v. State, 526 So.2d 909 (Fla.1988).
In point three, Rosado complains that his attorney failed to properly investigate a gun cleaning kit to see if it was open or not. He does not suggest how such information is relevant to any issue in his ease. Therefore, he has shown no prejudice in regard to the gun cleaning kit.
Finally, Rosado argues that counsel was ineffective in failing to object to the prosecutor’s closing argument that Mr. Frid-ley had no reason to lie. Even if the argument was somehow improper, it was not so improper or prejudicial as to require a new trial.
AFFIRMED.
PETERSON, C.J., and GRIFFIN, J., concur.