EMAS, J.
 

 Defendant Francisco Mendoza appeals the trial court’s order denying, without an evidentiary hearing, his motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850. Mendoza’s motion raised six claims. While we find that none of the claims has merit, one of Mendoza’s claims does warrant further discussion.
 

 Mendoza asserted in his posteonviction motion that trial counsel rendered ineffective assistance of counsel for failing to call certain witnesses to testify at the trial,
 
 [1]
 
 
 *581
 
 and that such failure constituted deficient performance resulting in prejudice, warranting relief under the two-pronged test of
 
 Strickland v. Washington,
 
 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
 

 Whether to call a particular witness to testify at trial is ordinarily a strategic decision committed to the professional judgment of trial counsel, assuming that counsel has conducted a reasonable investigation before making such a decision. These strategic decisions are generally not subject to postconviction attack under
 
 Strickland.
 

 An ineffective assistance claim for failure to call a witness to testify at trial must be distinguished from an ineffective assistance claim for failure to reasonably investigate and locate witnesses. Unlike the strategic decision to call a witness to testify at trial, the failure to reasonably investigate and locate witnesses can often serve as a colorable claim of ineffective assistance of counsel.
 
 Wiggins v. Smith,
 
 539 U.S. 510, 521, 123 S.Ct. 2527, 156 L.Ed.2d 471 (2003) (observing that “counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary” (quoting
 
 Strickland,
 
 466 U.S. at 690-91, 104 S.Ct. 2052)).
 

 However, if a reasonable investigation has been conducted, subsequent decisions based on that investigation (such as the decision not to call a particular witness at trial) are presumed to be reasonable and strategic and are “virtually unchallengeable.”
 
 Strickland,
 
 466 U.S. at 690, 104 S.Ct. 2052. A defendant can rebut this presumption only by establishing that
 
 “no
 
 competent counsel” would have made the same decision.
 
 White v. State,
 
 729 So.2d 909, 912 (Fla.1999).
 
 See also Windom v. State,
 
 886 So.2d 915, 922 (Fla.2004) (“A strategic or tactical decision is not a valid basis for an ineffective claim unless a defendant is able to show that no competent trial counsel would have utilized the tactics employed by trial counsel.”).
 

 In the instant case, however, Mendoza does not claim that the underlying investigation of these witnesses was unreasonable. Rather, Mendoza claims that trial counsel knew what these witnesses would testify to, and the failure to call the witnesses met
 
 Strickland’s
 
 two-prong requirements of constitutionally deficient performance and actual prejudice. Given the reasonableness of the underlying investigation, the subsequent decision not to call these witnesses is presumed to be reasonable and strategic, and, as characterized by
 
 Strickland,
 
 is virtually unchallengeable. Mendoza has failed to overcome this presumption, and thus cannot establish that trial counsel’s performance was deficient under
 
 Strickland.
 

 Moreover, the record reveals that Mendoza affirmatively agreed with his trial counsel’s strategic decision. During trial, the court conducted a colloquy with Mendoza, on the record and outside the presence of the jury, which established that Mendoza agreed with the decision not to call any other witnesses at trial.
 
 [2]
 
 The trial court specifically asked Mendoza whether he was satisfied with his attorney’s performance at trial and whether Mendoza
 
 *582
 
 wished to call any other witnesses to testify. Mendoza expressed satisfaction with his counsel’s performance, and advised the court that he did not wish to call any other witnesses to testify.
 
 [3]
 

 Thus, not only is Mendoza unable to rebut the presumption that counsel’s decision was reasonable and strategic, Mendoza’s express agreement to such a decision is fatal to his claim of ineffective assistance of counsel.
 
 [4]
 

 See Gamble v. State,
 
 877 So.2d 706, 714 (Fla.2004) (holding “if the defendant consents to counsel’s strategy, there is no merit to a claim of ineffective assistance of counsel”).
 
 See also Stein v. State,
 
 995 So.2d 329 (Fla.2008).
 

 Affirmed.
 

 [1]
 

 . Mendoza also asserted trial counsel rendered ineffective assistance by: (1) failing to introduce the post-Miranda statement of the co-defendant; (2) failing to object to the State’s amendment of the information during trial; (3) abandoning his objections to the
 
 *581
 
 jury instructions as given; (4) failing to object to improper closing argument; and (5) failing to request a jury instruction on the lesser-included offense of aggravated assault.
 

 [2]
 

 . We commend the trial court for conducting such a colloquy, which ensured defendant’s participation in his trial counsel’s decision, and provided a record that permitted resolution of this claim without the need for an evidentiary hearing.
 

 [3]
 

 . Although Mendoza did mention, during this colloquy, the names of individuals who were unavailable or unwilling to come to court to testify, Mendoza does not base the instant claim on a failure to call those unavailable or unwilling witnesses.
 

 [4]
 

 . Of course, Mendoza's agreement was not
 
 required
 
 for this particular decision. As the United States Supreme Court observed in
 
 Florida v. Nixon,
 
 543 U.S. 175, 187, 125 S.Ct. 551, 160 L.Ed.2d 565 (2004):
 

 An attorney undoubtedly has a duty to consult with the client regarding "important decisions," including questions of overarching defense strategy.
 
 Strickland,
 
 466 U.S. at 688, 104 S.Ct. 2052, 80 L.Ed.2d 674. That obligation, however, does not require counsel to obtain the defendant's consent to "every tactical decision.”
 
 Taylor v. Illinois,
 
 484 U.S. 400, 417-418, 108 S.Ct. 646, 98 L.Ed.2d 798 (1988) (an attorney has authority to manage most aspects of the defense without obtaining his client's approval). But certain decisions regarding the exercise or waiver of basic trial rights are of such moment that they cannot be made for the defendant by a surrogate. A defendant, this Court affirmed, has "the ultimate authority” to determine "whether to plead guilty, waive a jury, testify in his or her own behalf, or take an appeal.”
 
 Jones
 
 v.
 
 Barnes,
 
 463 U.S. 745, 751, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983);
 
 Wainwright v. Sykes, 433 U.S.
 
 72, 93,
 
 n.
 
 1, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977) (Burger, C.J., concurring). Concerning those decisions, an attorney must both consult with the defendant and obtain consent to the recommended course of action.