WARNER, J.
We affirm the summary denial of appellant’s motion for postconviction relief from his convictions for burglary of a dwelling and grand theft. Although he raises multiple claims of ineffective assistance of counsel and other errors, all can be disposed of as a matter of law.
Several of his claims involve his major contention that a detective provided perjured testimony. Under Giglio v. U.S., 405 U.S. 150, 153-54, 92 S.Ct. 763, 766, 31 L.Ed.2d 104 (1972), knowing use of perjured testimony at trial deprives a criminal defendant of due process if the testimony *897 is otherwise harmful. However, appellant’s argument fails at the most basic level: mere differences in testimony found in witness statements made at different times, or between witnesses on the same subject, are not alone sufficient to show perjury. See, e.g., Barwick v. State, 88 So.3d 85, 104-05 (Fla.2011) (witness’s description of events, as testified to at different trials, represented changed interpretation of facts, not false testimony); Ferrell v. State, 29 So.3d 959, 978 (Fla.2010) (no Giglio violation merely upon showing two witnesses contradict each other); Lamarca v. State, 931 So.2d 838, 852 (Fla.2006) (same); Floyd v. State, 18 So.3d 432, 450 (Fla.2009) (inconsistencies in testimony not per se perjury). This case involves differences in the officer’s recounting of his observations, which constitute mere reinterpretation of the facts from his perspective, not actionable perjury. As a result, these claims were properly denied.
In another claim, appellant contends that counsel was ineffective for failing to investigate and learn that a co-defendant’s watch was found inside the vehicle in which the three co-defendants were apprehended. The failure to discover information that itself is neither exculpatory nor impeaching does not render an investigation ineffective in the constitutional sense. See Jimenez v. State, 997 So.2d 1056, 1068 (Fla.2008) (“[Tjrial counsel was not deficient for the failure to discover ... information that was neither exculpatory nor impeaching.”). In Rosado v. State, 693 So.2d 633, 634 (Fla. 5th DCA 1997), the defendant was charged with first degree murder. After conviction and sentence, the defendant filed a Rule 3.850 motion, which claimed, among other things, that trial counsel was ineffective for not investigating a gun cleaning kit. The court held that the claim was properly denied summarily when Rosado did not explain how such evidence would have been relevant to any issue in that case, preventing a finding of prejudice. Id. Similarly here, appellant has made no showing of how knowledge of the presence of a co-defendant’s watch inside the vehicle involved in this case would have created a reasonable doubt or caused him to recalculate his decision to testify at trial. Therefore, summary denial of this claim was not error.
Appellant’s claim that counsel failed to excuse two prospective jurors can be summarily disposed of based upon Carratelli v. State, 961 So.2d 312, 319-20 (Fla.2007), in which the court held that to prove Strickland prejudice in matters of jury selection, a defendant must demonstrate that a juror who was actually biased (meaning, biased against the defendant) served on the jury. Appellant has not made the requisite showing, and summary denial was appropriate.
In another claim, he maintains that trial counsel was ineffective for failure to call a co-defendant as a witness, as the co-defendant would have testified that appellant was not involved in the crimes. At trial, however, counsel specifically raised the issue in front of the trial court, stating that she had recommended that the co-defendant not be called and that appellant had agreed with that recommendation. The court asked the appellant whether he agreed with counsel, and he replied in the affirmative.
Whether to call a witness at trial is the type of strategic decision for which the lawyer’s professional judgment is generally not subject to postconviction second-guessing, as the Court held in Strickland v. Washington, 466 U.S. 668, 689-90, 104 S.Ct. 2052, 2065-66, 80 L.Ed.2d 674 (1984). “[A] court must indulge a strong presumption that counsel’s conduct falls within the wide range of reasonable professional assistance; that is, the defendant must over *898 come the presumption that, under the circumstances, the challenged action ‘might be considered sound trial strategy.’ ” Id. at 689 (quoting Michel v. Louisiana, 350 U.S. 91, 101, 76 S.Ct. 158, 164, 100 L.Ed. 83 (1955)). “[I]f the defendant consents to counsel’s strategy, there is no merit to a claim of ineffective assistance of counsel.” Gamble v. State, 877 So.2d 706, 714 (Fla.2004). See also Mendoza v. State, 81 So.3d 579, 582 (Fla. 3d DCA 2012) (“[N]ot only is Mendoza unable to rebut the presumption that counsel’s decision was reasonable and strategic, Mendoza’s express agreement to such a decision is fatal to his claim of ineffective assistance of counsel.”). Here, appellant consented on the record to this strategy. That is fatal to his claim.
Finally, appellant claims that his counsel failed to investigate the value of the items stolen in the burglary to contest the grand theft charges. At trial, the two victims testified that the stolen and damaged items were worth $2,000 and $4,000, respectively. Appellant does not claim that any investigation would have revealed that the value of the items was less than the $300 minimum value for a grand theft charge. Without such a showing or allegation, he cannot show Strickland prejudice, and his allegations are mere speculation. See Rodriguez v. State, 919 So.2d 1252, 1269 (Fla.2005) (quoting Jones v. State, 845 So.2d 55, 64 (Fla.2003)) (“ ‘Postconviction relief cannot be based on speculative assertions.’ ”).

Affirmed.

POLEN and CIKLIN, JJ„ concur.