Gerber, J.
The defendant appeals from the trial court’s order summarily denying his Florida Rule of Criminal Procedure 3.850 amended motion for postconviction relief. He argues that he was entitled to an evi-dentiary hearing on his claim of ineffective assistance of counsel based on counsel’s alleged failure to investigate, interview, and call an alibi witness. He specifically argues that the trial court’s order incorrectly misstates the timeline as alleged in the motion and, therefore, the record does not conclusively refute his claim of ineffective assistance of counsel. We agree with this argument and reverse and remand for the trial court to provide record attachments which refute the defendant’s claim or to conduct an evidentiary hearing on the claim.
Following a jury trial, the defendant was convicted of attempted felony murder and robbery with a firearm. The robbery occurred at a pawn shop in Hollywood at approximately 12:30 p.m. The victim, a store employee, identified the defendant as one of the robbers.
In the defendant’s rule 3.850 motion, he claimed that his trial counsel was ineffective for failing to investigate, interview, *2 and call an identified alibi witness who allegedly would have testified that she was with the defendant “from approximately 10:00 a.m. into and during the early afternoon hours” on the day of the robbery. The motion specified that at approximately 12:00 p.m, the alibi witness was with the defendant at a restaurant in Miramar, “miles away from the scene of the crime in Hollywood.” The motion further alleged that the alibi witness had been available and prepared to testify at trial. The motion also alleged the alibi witness’s testimony presented a reasonable probability that the outcome of the defendant’s trial would have been different but for counsel’s ineffectiveness, because the only direct identification of the defendant came from the victim through a photo lineup identification over eight months after the crime, and an in-court identification at trial nearly two- and-a-half years after the crime.
The trial court entered an order summarily denying the defendant’s motion. In the order, the court reasoned:
For a defendant to state a facially sufficient claim of ineffectiveness assistance of counsel for failure to call a witness at trial, the defendant must allege: (1) the identity of the prospective witness, (2) the substance of the witness’s testimony, (3) the availability of the witness to testify at trial, and (4) an explanation concerning how the omission of the witness’s testimony prejudiced the outcome of the trial. See Nelson v. State, 875 So.2d 57[9], 582-83 (Fla. 2004).
This Court finds the instant ground for relief is denied because there is not a reasonable probability that the omission of ... [the] alibi witness pi-ejudiced the outcome of the trial. The alibi witness’s potential testimony would place the Defendant with her from, 10:00 a.m. to 12 p.m.; however, the robbery was committed at approximately 12:30-12:45 p.m. ... Even assuming arguendo that the Defendant was with the witness from 10:00 a.m. to 12:00 p.m., the Defendant would have still had an opportunity to leave the witness’s presence and commit the robbery.
(emphasis added).
This appeal followed. The defendant argues that the trial court’s order incorrectly misstates the timeline as alleged in the motion and, therefore, the record does not conclusively refute his claim of ineffective assistance of counsel. Our standard of review is well-established:
To uphold the trial court’s summary denial of claims raised in a 3.850 motion, the claims must be either facially invalid or conclusively refuted by the record. Further, where no evidentiary hearing is held below, we must accept the defendant’s factual allegations to the extent they are not refuted by the record.
Peede v. State, 748 So.2d 253, 257 (Fla. 1999) (citation omitted).
We agree with the defendant’s argument that the trial court’s order incorrectly misstates the timeline. The trial court appears to have overlooked the defendant’s allegation that the alibi witness would have testified she was with him “into and during the early afternoon hours,” which may have included 12:30 p.m., when the robbery occurred.. Thus, the record does not conclusively refute the defendant’s claim of ineffective assistance of counsel for the failure to investigate, interview, and call the alleged alibi witness. The fact that the victim identified the defendant as one of the robbers also does not conclusively refute the defendant’s claim of ineffectiveness. See Jacobs v. State, 880 So.2d 548, 555 (Fla. 2004) (“[T]he mere existence of evidence of guilt is insufficient to conclusively rebut a claim of ineffectiveness in failing to present evi *3 dence of innocence in the form of known and available alibi witnesses.”).
Based on the foregoing, we reverse and remand for the trial court to provide record attachments or conduct an evidentiary-hearing on the defendant’s claim of ineffective assistance of counsel for failing to call the alleged alibi witness. We affirm without further discussion the trial court’s summary denial of the defendant’s remaining claims of ineffective assistance of counsel.

Affirmed in part, reversed in part, and remanded with instructions.

Warner and Forst, JJ., concur.