DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**WORTHY MOSES McCULLOUGH,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D17-1166

[May 16, 2018]

Appeal of order denying rule 3.850 motion from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Samantha Schosberg Feuer, Judge; L.T. Case No. 50-2007-CF-013134-AXXX-MB.

Antony P. Ryan, Director, and Paul O'Neil, Assistant Regional Counsel, Office of Criminal Conflict and Civil Regional Counsel, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Joseph D. Coronato Jr., Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

Worthy McCullough appeals the denial of his Florida Rule of Criminal Procedure 3.850 motion following an evidentiary hearing. In his motion, McCullough alleged seven grounds for relief, but he appeals the trial court's denial of grounds two and five only. With respect to ground five, we affirm without comment.

In ground two, which was summarily denied prior to the evidentiary hearing, McCullough alleged that trial counsel was ineffective for failing to call McCullough's grandmother, Ruby Wright, as an alibi witness. He claimed that Ms. Wright would have testified that McCullough was at home with her when the crimes in this case were committed. He also alleged that she was available to testify at the time of his trial.

We conclude that McCullough stated a facially sufficient claim based on counsel's alleged failure to call a witness because he: (i) identified the witness; (ii) specified the content of her testimony; (iii) alleged that she was

available to testify at trial; and (iv) sufficiently alleged that failure to call her to testify resulted in prejudice. *Youmans v. State*, 222 So. 3d 1, 2 (Fla. 4th DCA 2017). With respect to prejudice, we note that "the mere existence of evidence of guilt is insufficient to conclusively rebut a claim of ineffectiveness in failing to present evidence of innocence in the form of known and available alibi witnesses." *Jacobs v. State*, 880 So. 2d 548, 555 (Fla. 2004).

Accordingly, we affirm as to ground five and reverse as to ground two with instructions for the trial court to either attach records conclusively refuting McCullough's claim or, in the alternative, conduct an evidentiary hearing.

*Affirmed in part; reversed and remanded in part.*

CIKLIN, LEVINE and KLINGENSMITH, JJ., concur.

\*          \*          \*

**Not final until disposition of timely filed motion for rehearing.**