# Supreme Court of Florida

_____

No. SC17-2054
_____

**DANIEL LEE DOYLE,**
Appellant,

vs.

**STATE OF FLORIDA,**
Appellee.

[June 26, 2018]

PER CURIAM.

We have for review Daniel Lee Doyle's appeal of the circuit court's order

denying Doyle's motion filed pursuant to Florida Rule of Criminal Procedure

3.851.  This Court has jurisdiction.  *See* art. V, § 3(b)(1), Fla. Const.

Doyle's motion sought relief pursuant to the United States Supreme Court's

decision in *Hurst v. Florida*, 136 S. Ct. 616 (2016), and our decision on remand in

*Hurst v. State* (*Hurst*), 202 So. 3d 40 (Fla. 2016), *cert. denied*, 137 S. Ct. 2161

(2017).  Doyle responded to this Court's order to show cause arguing why

*Hitchcock v. State*, 226 So. 3d 216 (Fla. 2017), *cert. denied*, 138 S. Ct. 513 (2017),

should not be dispositive in this case.

After reviewing Doyle's response to the order to show cause, as well as the State's arguments in reply, we conclude that Doyle is not entitled to relief. Doyle was sentenced to death following a jury's recommendation for death by a vote of eight to four, and his sentence of death became final in 1985. *Doyle v. State*, 460 So. 2d 353 (Fla. 1984).[1] Thus, *Hurst* does not apply retroactively to Doyle's sentence of death. *See Hitchcock*, 226 So. 3d at 217. Accordingly, we affirm the denial of Doyle's motion.

The Court having carefully considered all arguments raised by Doyle, we caution that any rehearing motion containing reargument will be stricken. It is so ordered.

LABARGA, C.J., and QUINCE, POLSTON, and LAWSON, JJ., concur.
PARIENTE, J., concurs in result with an opinion.
LEWIS and CANADY, JJ., concur in result.

PARIENTE, J., concurring in result.

As in prior *Hitchcock*[2]-related cases, I concur in result because I recognize that this Court's opinion in *Hitchcock* is now final. However, I continue to adhere

---

1. Although our decision affirming Doyle's death sentence does not specify the number of Doyle's jurors who voted to recommend death, the Eleventh Circuit Court of Appeals referenced the jury vote in its decision regarding Doyle's federal petition for a writ of habeas corpus. *See Doyle v. Dugger*, 922 F.2d 646, 648 (11th Cir. 1991).

2. *Hitchcock v. State*, 226 So. 3d 216 (Fla.), *cert. denied*, 138 S. Ct. 513 (2017).

to the views expressed in my dissenting opinion in *Hitchcock* that *Hurst*[3] should apply retroactively to defendants like Doyle. *Hitchcock*, 226 So. 3d at 220-21 (Pariente, J., dissenting).

Applying *Hurst* to Doyle's case, in addition to the jury's nonunanimous recommendation for death of eight to four, this Court determined on direct appeal that the State did not prove the avoid arrest aggravating factor beyond a reasonable doubt and therefore struck it before determining that the death penalty was proportionate in Doyle's case. *Doyle v. State*, 460 So. 2d 353, 358 (Fla. 1984); majority op. at 2; *see Middleton v. State*, 42 Fla. L. Weekly S637, 2017 WL 2374697, *1-2 (Fla. June 1, 2017) (Pariente, J., dissenting) (explaining how a stricken aggravating factor affects the *Hurst* harmless error analysis).[4] Further, this case demonstrates other concerns, specifically the absence of the trial court finding any mental mitigation. As then-Justice Overton, joined by then-Justice McDonald, explained on direct appeal dissenting in part,

---

3. *Hurst v. State* (*Hurst*), 202 So. 3d 40 (Fla. 2016), *cert. denied*, 136 S. Ct. 2161 (2017); *see Hurst v. Florida*, 136 S. Ct. 616 (2016).

4. I also note that Doyle challenged his sentence of death under *Caldwell v. Mississippi*, 472 U.S. 320 (1985), several times. *See Doyle v. Singletary*, 655 So. 2d 1120, 1121 (Fla. 1995); *Doyle v. State*, 526 So. 2d 909, 911 (Fla. 1988). As I have explained, *Caldwell* further supports the conclusion that the *Hurst* error is not harmless beyond a reasonable doubt in cases where the jury did not unanimously recommend a sentence of death. *See Reynolds v. State*, 43 Fla. L. Weekly S163, 2018 WL 1633075, *15-17 (Fla. Apr. 5, 2018) (Pariente, J., dissenting).

> The record reflects that [Doyle] was 21 years old; that he had an IQ of between 70 and 80, and was borderline retarded; that he was suffering from organic brain defects, which caused dyslexia, and had emotional problems; that he had been enrolled in handicapped classes; and that his mental condition was chronic.

*Doyle*, 460 So. 2d at 358 (Overton, J., concurring in part and dissenting in part).

After explaining that substantial evidence of mental mitigation was presented, which the trial court should not have rejected, Justice Overton explained that the trial court applied the wrong standard "in determining the presence or absence of the above mitigating circumstances." *Id.* at 359.

Therefore, in addition to the Court striking one of the three aggravating factors, the presence of substantial mitigation demonstrates that this case cries out for a resentencing by a jury in light of *Hurst*. While the crime itself was certainly aggravated, at least 4 jurors concluded that the death penalty was not appropriate, likely due to the significant evidence of mitigation. Accordingly, if *Hurst* applied to Doyle's case, I would conclude that the *Hurst* error is not harmless beyond a reasonable doubt and would, accordingly, grant Doyle a new penalty phase.

An Appeal from the Circuit Court in and for Broward County,
        Edward Harold Merrigan, Jr., Judge - Case No. 061981CF009310A88810

Mark E. Olive of the Law Office of Mark E. Olive, P.A., Tallahassee, Florida,

        for Appellant

Pamela Jo Bondi, Attorney General, Tallahassee, Florida, and Ilana Mitzner, Assistant Attorney General, West Palm Beach, Florida,

for Appellee