NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

GREGORY KENNON,   )
                  )
        Appellant,  )
                  )
v.                )            Case No. 2D18-180
                  )
STATE OF FLORIDA,  )
                  )
        Appellee.   )
_____ )

Opinion filed January 4, 2019.

Appeal from the Circuit Court for Manatee
County; Hunter W. Carroll, Judge.

Gregory Kennon, pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Johnny T. Salgado,
Assistant Attorney General, Tampa, for
Appellee.


MORRIS, Judge.

        Gregory Kennon appeals from an order denying his motion for

postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850.

Because we conclude that the postconviction court erred by summarily denying claims

one and two of Kennon's motion, we reverse and remand in part for further proceedings.

We affirm the portion of the order denying the remaining claims without further comment.

## BACKGROUND

Kennon was originally convicted of two counts of first-degree murder and one count of armed burglary of a dwelling.[1] He was sentenced to life in prison, and this court affirmed his judgment and sentence. Kennon v. State, 127 So. 3d 512 (Fla. 2d DCA 2013) (table decision). He subsequently filed his postconviction motion raising eight claims.[2] The postconviction court summarily denied seven of the claims and denied the last remaining claim after an evidentiary hearing.

In his first claim, Kennon argued that his trial counsel provided ineffective assistance by failing to call as a witness one of Kennon's adversaries. Kennon asserted that the adversary would have testified that he and Kennon had gotten into a fight on the sidewalk at the apartment complex where the murder victim lived. Kennon argued that such testimony would have explained why Kennon's blood was located near the crime scene thereby proving his innocence. He alleged that he told his counsel about the adversary and that the adversary was available to testify at the time of trial.

The postconviction court summarily denied the first claim, concluding that Kennon could not establish prejudice due to "all the evidence implicating [Kennon] in the home invasion." Specifically, the postconviction court noted that a nurse and a physician's assistant who treated Kennon for an injury to his arm twelve days after the crimes occurred both testified that his injury was consistent with a gunshot wound and

_____

[1]We note that the postconviction court referred to the armed burglary as a home invasion in its order.

[2]Because we are reversing only the denial of the first two claims, we need not detail the allegations of the remaining claims.

did not match up with his explanation for the injury.[3] The postconviction court also noted that law enforcement recovered a ten millimeter firearm magazine from Kennon's vehicle which matched the caliber of ammunition used in the underlying armed burglary. The postconviction court explained that it was unlikely that testimony about a fight would have changed the outcome of the trial.

In his second claim, Kennon argued that his trial counsel provided ineffective assistance by failing to interview and call Kennon's mother who was available to testify that Kennon had been with her when the underlying crimes took place. Kennon argued that such evidence would have provided him with an alibi that would have resulted in the jury concluding that he was not guilty.

The postconviction court summarily denied the second claim, first noting that the State's summarization of the evidence during closing arguments referenced the facts that Kennon knew one of the identified perpetrators, had an injury that was consistent with a gunshot, and had access to a ten millimeter firearm and ten millimeter ammunition. The postconviction court then determined that "[t]he forensic evidence presented, while circumstantial, was nonetheless compelling enough to secure a jury verdict." The postconviction court also determined that it was "improbable that uncorroborated alibi testimony from [Kennon's] mother, whose bias would be self-evident, would have changed the outcome of [Kennon's] trial."

**ANALYSIS**

A postconviction claimant is entitled to an evidentiary hearing if he alleges "specific facts which are not conclusively rebutted in the record and which demonstrate

---

[3]According to the witnesses, Kennon provided different explanations for how he received the injury.

- 3 -

a deficiency in trial counsel's performance that prejudiced the outcome of his trial." Meus v. State, 968 So. 2d 706, 710 (Fla. 2d DCA 2007). On review of a summarily denied claim, we must accept the claimant's "factual allegations as true to the extent that they are not refuted by the record." Id. (citing Floyd v. State, 808 So. 2d 175, 182 (Fla. 2002)).

"If potential witnesses—available to testify at trial—may have been able to cast doubt on the defendant's guilt, the failure to investigate and call them at trial can constitute ineffective assistance of counsel." Id. at 712. "The credibility and weight to be given to" such testimony is a jury issue. Id. The fact that there may have been some evidence that tended to support a guilty verdict was not a sufficient reason to summarily deny Kennon's claims that counsel was ineffective for failing to interview and/or call his adversary and his mother as witnesses. Indeed, the Florida Supreme Court holds that "a claim of ineffectiveness in failing to present important exculpatory evidence cannot be resolved on the basis of the mere existence of conflicting evidence in the record." Jacobs v. State, 880 So. 2d 548, 555 (Fla. 2004). Similarly, "the mere existence of evidence of guilt is insufficient to conclusively rebut a claim of ineffectiveness in failing to present evidence of innocence in the form of known and available alibi witnesses." Id.[4] "Rather, the record evidence must *conclusively* rebut the claim if the claim is to be resolved without a hearing."[5] Id.

---

[4]See also McCullough v. State, 247 So. 3d 6, 7 (Fla. 4th DCA 2018) (applying Jacobs and reversing where appellant alleged ineffective assistance of counsel based on counsel's failure to call his grandmother who would have testified that he was at home with her when the crimes were committed).

However, "[t]ypically, it will be necessary to hold an evidentiary hearing to determine why trial counsel did not call a particular witness." Terrell v. State, 9 So. 3d 1284, 1288-89 (Fla. 4th DCA 2009). Indeed, "a State response must be ordered and considered before determining if a hearing is required unless the record demonstrates a reasonable explanation or otherwise conclusively refutes the claim." Jacobs, 880 So. 2d at 555. Here, the record does not conclusively refute Kennon's first and second claims.

According to Kennon, his adversary was available to testify and his testimony would have provided an explanation for the presence of Kennon's blood near the crime scene. Such testimony was exculpatory in nature. Aside from the blood evidence—which was the very evidence for which Kennon claimed to have an explanation—the postconviction court cited to evidence that only circumstantially linked Kennon to the crime. And some of that evidence, such as the testimony regarding Kennon's alleged gunshot wound, did not clearly link Kennon to the crime because there was no definitive testimony as to when the injury occurred. The testimony that Kennon's adversary could have provided may have cast doubt on Kennon's guilt. Thus, the postconviction court erred by summarily denying the first claim. See Jacobs, 880 So. 2d at 555.

Regarding Kennon's second claim, the postconviction court determined that the forensic evidence was compelling enough to secure a jury verdict, but again, the fact that there exists some evidence of guilt is generally insufficient to rebut a claim

[5]The example provided by the Florida Supreme Court of a conclusive rebuttal to a claim of ineffectiveness for failure to call a witness was where the record demonstrated that the witness actually testified. Jacobs, 880 So. 2d at 555.

of ineffectiveness for failure to present an alibi witness.  See Jacobs, 880 So. 2d at 555; McCullough v. State, 247 So. 3d 6, 7 (Fla. 4th DCA 2018).  In order to summarily deny such a claim, "the record evidence must *conclusively* rebut the claim."  Jacobs, 880 So. 2d at 555.  Yet here, the forensic evidence only circumstantially tied Kennon to the crime.  And, like the testimony that Kennon's adversary could have provided, Kennon's mother's testimony could have cast doubt on Kennon's guilt.  Thus the postconviction court erred by summarily denying the second claim.  See Jacobs, 880 So. 2d at 555; McCullough, 247 So. 3d at 7.

Accordingly, because the postconviction court erred by summarily denying claims one and two of Kennon's motion, we reverse and remand that portion of the postconviction court's order with instructions for the postconviction court to either attach records conclusively refuting Kennon's claims or, in the alternative, to conduct an evidentiary hearing.  All other portions of the order are affirmed.

Affirmed in part, reversed in part, and remanded.


BLACK and LUCAS, JJ., Concur.