# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-2193
_____

ALLEN BURKHALTER,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Duval County.
Waddell Wallace, Judge.

September 9, 2019

PER CURIAM.

The Appellant challenges an order denying his postconviction motion brought pursuant to Florida Rule of Criminal Procedure 3.850. For the reasons discussed below, we affirm.

In 2012, the Appellant was convicted by a jury of two counts of armed burglary with assault or battery and was sentenced to a term of life in prison for both counts, to be served concurrently. He was adjudicated a prison releasee reoffender (PRR). He filed a timely notice of appeal, and this Court reversed his conviction for count two because it constituted a double jeopardy violation. *See Burkhalter v. State*, 111 So. 3d 993 (Fla. 1st DCA 2012). A revised judgment was entered, finding the Appellant guilty of one

count of armed burglary with assault, sentencing him to life in prison, and adjudicating him PRR.

In 2014, the Appellant filed a timely motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850 raising seven claims. The lower court summarily dismissed each claim, and this timely appeal followed.

In the Appellant's Initial Brief, he argues that the lower court erred in denying grounds one, three, four, six, and seven of his 3.850 motion. Therefore, appellate review of claims two and five has been waived. *See Watson v. State*, 975 So. 2d 572, 573 (Fla. 1st DCA 2008). We affirm the summary denial of grounds one, four, and seven without discussion. We affirm the lower court's summary denial of grounds three and six[1] for the reasons discussed below.

In grounds three and six, the Appellant argues that counsel was ineffective in failing to present the testimony of three witnesses who would have undermined the testimony of two of the State's witnesses, including the child victim of the armed burglary. The lower court found that the proposed testimony was not exculpatory and that there was sufficient evidence of the Appellant's guilt in the other evidence presented by the State. This Court issued a *Toler*[2] order asking the State to apply the

---

[1] This was not a facially sufficient claim as it did not state the witness was available for trial. *See Leftwich v. State*, 954 So. 2d 714, 714 (Fla. 1st DCA 2007) (finding that in order to state a facially sufficient claim for failure to call a potential witness, the movant must allege the identity of the potential witness, the substance of the witness's testimony, an explanation of how the omission of the testimony prejudiced the outcome of the case, and a representation that the witness was available for trial) (internal citations omitted). However, because it is legally meritless for the reasons discussed below, remanding it to allow the Appellant to set forth a facially sufficient claim would be a waste of judicial resources.

[2] *Toler v. State*, 493 So. 2d 489 (Fla. 1st DCA 1986).

holding in *Jacobs v. State*, 880 So. 2d 548, 555 (Fla. 2004), to this case. The State, in its response to the order, conceded error in light of *Jacobs*.

However, *Jacobs* is distinguishable from this case. In *Jacobs*, the Florida Supreme Court found that "the mere existence of evidence of guilt is insufficient to conclusively rebut a claim of ineffectiveness in failing to present evidence of innocence in the form of known and available alibi witnesses." *Id.* at 555. More broadly, the *Jacobs* court found that a claim involving "important exculpatory evidence" cannot be resolved on the basis of conflicting evidence in the record. *Id.* Here, the purported testimony would not have provided any exculpatory evidence. *See Kennon v. State*, 261 So. 3d 755, 758 (Fla. 2019) (finding that evidence was exculpatory where it provided an explanation for why the defendant's blood was found at the scene of the crime); *Terrell v. State*, 9 So. 3d 1284, 1288 (Fla. 4th DCA 2009) (finding the eyewitness testimony that the defendant did not intentionally slam his car into the police car was exculpatory); *Campbell v. State*, 247 So. 3d 102, 107 (Fla. 2d DCA 2018) (finding the testimony was exculpatory where it would have shown the defendant was not the only person in the car where the drugs were discovered). Rather, the testimony of these witnesses would have merely undermined the testimony of the victim and her mother. As such, *Jacobs* is not applicable.

"Whether to call a witness at trial is the type of strategic decision for which the lawyer's professional judgment is generally not subject to postconviction second-guessing . . . ." *Ferguson v. State*, 101 So. 3d 895, 897 (Fla. 4th DCA 2012) (citing to *Strickland v. Washington,* 466 U.S. 668, 689–90 (1984)). "[I]f the defendant consents to counsel's strategy, there is no merit to a claim of ineffective assistance of counsel." *Id.* (quoting *Gamble v. State,* 877 So. 2d 706, 714 (Fla. 2004) (citing to *Mendoza v. State,* 81 So. 3d 579, 582 (Fla. 3d DCA 2012) ("[N]ot only is Mendoza unable to rebut the presumption that counsel's decision was reasonable and strategic, Mendoza's express agreement to such a decision is fatal to his claim of ineffective assistance of counsel.")).

Here, before the defense put on its case, the trial judge asked the Appellant if he agreed that he and three other witnesses, none of whom were the witnesses at issue, would be the only witnesses called. The Appellant consented on the record to counsel's strategy to call these three witnesses. That is fatal to his claim. Because the Appellant consented to not calling these four proposed witnesses, the lower court did not err in summarily denying this ground though its reason for doing so was flawed. *See Robertson v. State*, 829 So. 2d 901, 906 (Fla. 2002) (discussing that an appellate court may affirm a trial court order that reaches the right result, but for the wrong reason); *Farrey's Wholesale Hardware Co. v. Hobesound Indus. Park, Inc.*, 719 So. 2d 374, 375 (Fla. 1st DCA 1998) (discussing the tipsy coachman rule and finding the lower court had reached the right result, but for the wrong reason).

AFFIRMED.

ROBERTS, KELSEY, and M.K. THOMAS, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Rick A. Sichta, Joseph Hamrick, and Susanne K. Sichta, Jacksonville, for Appellant.

Ashley Moody, Attorney General, and Benjamin L. Hoffman, Assistant Attorney General, Tallahassee, for Appellee.