# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D20-3791

_____

JEREMY R. LIFFICK,

   Appellant,

   v.

STATE OF FLORIDA,

   Appellee.

_____

On appeal from the Circuit Court for Calhoun County.
Shonna Young Gay, Judge.

September 29, 2021

PER CURIAM.

   Jeremy R. Liffick appeals an order summarily denying his postconviction motion filed under Florida Rule of Criminal Procedure 3.850. We decline to address the two postconviction claims that Liffick raises for the first time on appeal. *See Doyle v. State*, 526 So. 2d 909, 911 (Fla. 1988) (explaining that a postconviction claim was procedurally barred and could not be raised for the first time on appeal when appellant did not present the claim to the trial court in his postconviction motion). And we affirm the trial court's denial of his three claims of ineffective assistance of counsel for the reasons explained below.

   The State charged Liffick with lewd or lascivious molestation and lewd or lascivious battery for sexually abusing his daughter.

At trial, the prosecution presented testimony that Liffick's mother visited him while he was in jail. During her visit, Officers Blake Chason and Trever Ramos overheard Liffick admit to his mother that he inappropriately touched his daughter. Ramos testified that Liffick's mother later disclosed Liffick's confession to him. Officer Lisa Allsop testified that Liffick's mother also told her about Liffick's confession.

The jury found Liffick guilty of attempted lewd or lascivious molestation, a lesser included offense, and lewd or lascivious battery. The trial court designated Liffick as a sexual offender and sentenced him to concurrent terms of fifteen and five years in prison. Liffick did not timely appeal his judgment and sentence. And this Court denied his petition for belated appeal. *See Liffick v. State*, 273 So. 3d 1193 (Fla. 1st DCA 2019) (unpublished table decision). Liffick then moved for postconviction relief, which was summarily denied. This timely appeal follows.

Liffick asserts that the trial court erred when it summarily denied his postconviction claims. Liffick claims that his trial counsel was ineffective for failing to: (1) move to suppress his confession on grounds that his *Miranda** rights were violated, (2) object when the State introduced hearsay testimony by two corrections officers, and (3) object to the introduction of his confession.

To prevail on his ineffective assistance of counsel claims, Liffick must show that (1) his counsel's performance was deficient and (2) the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668 (1984). But Liffick failed to make that showing, and the trial court properly denied all three claims.

In his first claim, Liffick alleges that his counsel was ineffective for failing to move to suppress his confession because he had not been read his *Miranda* rights when officers overheard

---

* *Miranda v. Arizona*, 384 U.S. 436 (1966).

2

Liffick's confession to his mother. But no *Miranda* warnings were necessary. Liffick did not confess during a custodial interrogation. *See Ross v. State*, 45 So. 3d 403, 414 (Fla. 2010) (explaining that *Miranda* warnings are required only when a suspect in custody faces interrogation). Rather, while in a room of the Calhoun County Jail where he knew or reasonably should have known that other individuals or recording devices could hear what he was saying, Liffick admitted to his mother that he inappropriately touched his daughter. *See Proffitt v. State*, 315 So. 2d 461, 465 (Fla. 1975) (explaining that the privileged nature of a communication between the defendant and his wife "was lost when they were speaking in a manner and place where they had a reasonable chance of being overheard, and they knew of that possibility at that time"), *aff'd sub nom. Proffitt v. Florida*, 428 U.S. 242 (1976).

Several signs in the jail warned that the jail was always under audio and video surveillance. Liffick's mother testified at trial that she did not believe that she or Liffick had any expectation that their conversation was private and confidential. Because the police did not obtain Liffick's confession in violation of *Miranda,* and because Liffick had no reasonable expectation that his confession would not be overheard, any attempt to suppress the confession would have been meritless. Thus, Liffick did not meet his burden to show that his counsel was ineffective, and the trial court did not err by denying this claim. *See Gordon v. State*, 863 So. 2d 1215, 1219 (Fla. 2003) ("Since counsel cannot be deemed ineffective for pursuing futile motions, trial counsel cannot be deemed to have performed deficiently in this regard.").

In his second claim, Liffick argues that his counsel was ineffective for failing to object when Officers Ramos and Allsop testified that Liffick's mother told them that Liffick had confessed. Liffick claims that their testimony was inadmissible hearsay.

This claim fails, too. Even if the testimony on what Liffick's mother told the officers were inadmissible and even if Liffick's counsel rendered deficient performance by not objecting to that testimony, Liffick cannot show prejudice because Officers Ramos and Chason also overheard Liffick confess to the crime and nothing prevented them from testifying about that overheard confession. § 90.803(18)(a), Fla. Stat.

In his final claim, Liffick argues that his trial counsel should have objected to Officers Chason and Ramos testifying about the confession Liffick allegedly made. He claims, without elaboration, that "there were several factors that should have been considered and used to challenge the testimony."

This claim fails because it is conclusory and legally insufficient. Liffick had the burden to make out a prima facie case based on a legally valid claim; mere conclusory allegations are insufficient. *Franqui v. State*, 59 So. 3d 82, 95 (Fla. 2011). But Liffick merely alleges counsel should have considered and used several factors to challenge the testimony of Officers Chason and Ramos without identifying those factors. *See Pitts v. State,* 421 So. 2d 791, 791 (Fla. 1st DCA 1982) (denying a claim of ineffective assistance of counsel because it was conclusory and lacked factual support). Thus, the trial court did not err in denying relief on this claim.

Finding no error by the trial court, we AFFIRM the order summarily denying the postconviction motion.

ROWE, C.J., and LEWIS and WINOKUR, JJ., concur.

———————————————

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

———————————————

Brett D. McIntosh and Kevin M. Griffith of Brett D. McIntosh, P.A., Sarasota, for Appellant.

Ashley Moody, Attorney General, and Jovona I. Parker, Assistant Attorney General, Tallahassee, for Appellee.